841 So.2d 34 (2003)
LEADER BUICK, GMC TRUCKS, INC.
v.
Robert WEINMANN, Michael Seago, Suburban Motors, L.L.C.
No. 2002-CA-2006.
Court of Appeal of Louisiana, Fourth Circuit.
February 19, 2003.
*35 John W. Lindner II, Covington, LA, for Plaintiff/Appellant.
Richard C. Stanley, William M. Ross, Stanley, Flanagan & Reuter, L.L.C., New Orleans, LA, for Defendant/Appellee (Michael Seago).
E. Wade Shows, Ronnie J. Berthelot, Kristen A. Brazzel, Shows, Cali & Berhtelot, L.L.P., Baton Rouge, LA, for Defendant/Appellee (Robert Weinmann).
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY).
MICHAEL E. KIRBY, Judge.
STATEMENT OF THE CASE
The plaintiff, Leader Buick GMC, Inc., seeks review of the trial court's judgment maintaining defendants' exceptions of res judicata, no right of action and no cause of action. The present suit is the third lawsuit filed among the parties concerning the proposed sale of an automotive dealership between the plaintiff (the seller) and defendants (the purchasers).
The facts of the case are succinctly set out in Robertson v. Weinmann, XXXX-XXXX, XXXX-XXXX,1-3 (La.App. 4 Cir. 2/21/01), 782 So.2d 38, 39-40, the appeal of the first two lawsuits filed in this matter:
On August 6, 1998 the Robertsons filed suit against Robert Weinmann, Michael Seago and Suburban Motors, LLC alleging breach of a purchase agreement of May 13, 1997. That purchase agreement was between Suburban Motors and Leader Buick, GMC Truck, Inc. On August 24, 1998 Leader Buick, GMC Truck, Inc. was dissolved by affidavit pursuant to LSA-RS 12:142.1. The petition was amended on October 5, 1998 to list "Leader Buick, GMC Truck, Inc. In Dissolution" as a party plaintiff. Thereafter, a petition was filed in the Civil District Court on December 21, 1998 seeking to reinstate the corporation pursuant to LSA RS 12:142.1(B) and a judgment was granted reinstating the corporation retroactive to the date of dissolution.
Defendants filed various exceptions which were heard on December 18, 1998. The trial court sustained their exception of no right of action and dismissed plaintiffs' original and amended petitions. Thereafter plaintiffs filed a motion for new trial based upon the retroactive reinstatement of the corporation on December 21, 1998. The defendants then moved to transfer and consolidate the reinstatement suit with the suit for breach of the purchase agreement. On May 28, 1999 the court granted the motion to consolidate and the motion for new trial, thereby rescinding its previous ruling granting the defendants' exception of no right of action. The defendants then intervened in the reinstatement case and filed a petition to annul the Ex Parte Judgment reinstating the corporation. In response plaintiffs filed an exception of no right of action to the intervention. Defendants also filed a Motion for Summary Judgment on the claims raised in their intervention/nullity action.

*36 Three matters were heard on October 6, 1999: Plaintiffs' exception of no right of action to the intervention; Defendants Motion for Summary Judgment and Defendants' original exception of no right of action which had been the subject of the motion for new trial. On October 13, 1999 the court signed a judgment which invalidated the retroactivity of Leader's reinstatement; reinstated its original judgment on the defendants' exception of no cause of action thereby dismissing the petition; and, it held the defendants' motion for summary judgment and plaintiffs exception of no right of action to the intervention nullity action were moot.
This Court affirmed the trial court's judgment of October 13, 1999, adopting the trial court's reasons for judgment as its own. Id.
On September 26, 2001, Leader Buick GMC, Inc., filed suit against Robert Weinmann, Michael Seago and Suburban Motors, L.L.C., seeking damages arising from the breach of the purchase agreement executed between the parties on May 13, 1997. The defendants filed exceptions of res judicata, no right of action and no cause of action based upon the dismissal of the prior suits. The trial court rendered judgment on June 4, 2002, granting the defendants' exceptions of res judicata, no right of action and no cause of action and dismissing plaintiff's case with prejudice.
STATEMENT OF THE LAW
The plaintiff contends, on appeal, that the trial court erred in granting the defendants' exception of no right of action. The defendants argued, and the trial court agreed, that Leader Buick did not have a right of action against the defendants as all claims against the defendants did not survive the dissolution and reinstatement of Leader Buick.
La. R.S. 12:142.1 provides for corporate dissolution by affidavit, without formal liquidation:
A In addition to all other methods of dissolution, if the corporation is not doing business and owes no debts, it may be dissolved by filing an affidavit with the secretary of state executed by the shareholders, ..., attesting to such facts and requesting that the corporation be dissolved. Thereafter, the shareholders,..., shall be personally liable for any debts or claims, if any, against the corporation in proportion to their ownership in the shares of the corporation.
This Court adopted the trial court's analysis of La. R.S. 12:142.1 in Robertson v. Weinmann, 6-7, 782 So.2d at 41-42:
La. R.S. 12:142.1(B) is silent as to whether reinstatement of a corporation under the statute is to be given retroactive effect, and no jurisprudence exists which addresses the issue of the retroactivity.
In contrast, La. R.S. 12:163(E)(2), governing revocation and reinstatement of corporations in instances when corporations have failed to file annual reports, expressly states that reinstatement of a corporation under that particular article "shall be retroactive." In this Court's view, the Legislature could have included the same language concerning retroactivity in 12:142.1(B), but did not do so. In absence of such language, reinstatement under 12:142.1(B) should be given prospective effect only. Furthermore, reinstatement of a corporation dissolved by affidavit should not be given retroactive effect so as to revive the inchoate claims of the corporation. Public policy compels this result in that third parties should be able to rely on a corporate dissolution pursuant to La. R.S. 12:142.1. The Plaintiff shareholders elected to dissolve the corporation by *37 affidavit, rather than by formal liquidation, and as such waived any rights to outstanding claims. Allowing retroactive reinstatement of a corporation formerly dissolved by affidavit would be in direct conflict with the objective of 12:142.1, as articulated in Gendusa v. City of New Orleans, 93-1527 (La.App. 4 Cir. 2/25/94) 635 So.2d 1158.
In Gendusa v. City of New Orleans, 93-1527, 7-8 (La.App. 4 Cir. 2/25/94), 635 So.2d 1158, 1162-1163, the court noted that the Louisiana Legislature enacted La. R.S. 12:142.1 in 1982 to provide a means of avoiding the costs and delays of a formal liquidation, but limited its application to corporations no longer doing business. Subsection B, added in 1989, allows reinstatement of a dissolved corporation by a court order directed to the secretary of state. Section 142.1 provides for survival of claims against the corporation liquidated by affidavit, but does not provide for survival of the corporation's own claims. Survival of creditors' claims against a dissolved corporation arises from the public policy that protects the interest of corporate creditors in corporate assets even beyond dissolution. There is no correlative public policy and no statutory provision to protect a sole shareholder, in possession of all relevant information concerning his corporation's inchoate claim, from the loss of that right through his own voluntary dissolution of the corporation by affidavit.
Where a corporation has such outstanding claims or obligations, the appropriate method of dissolution is through a voluntary liquidation, with appointment of a liquidator and the orderly collection of claims, payment of debts and transfer of assets. Under a § 142 voluntary liquidation, a liquidator would have been vested with the authority to demand, collect, sue for and recover in the name of the corporation, the debts and property of the corporation, and to compromise, compound and settle claims of the corporation on such terms and conditions as the liquidator deems best. La. R.S. 12:145. This result is consistent with the Louisiana Code of Civil Procedure. The liquidator appointed by a Louisiana court is the proper plaintiff to sue to enforce a right of the corporation. La.C.Civ.P. art. 692; Gendusa.
This Court stated in Gendusa that "[b]usiness corporations are created by statute, and their existence and operations are regulated by the business corporation law and any special professional corporation statute that may be applicable. As a statutory creation, the business or professional corporation has no rights outside the four corners of the enabling statute. Absent language in LSA R.S. 12:142.1 allowing for survival of inchoate corporate claims, we find no authority compelling such a result." Gendusa, 93-1527, 8, 635 So.2d at 1163. In Gendusa, the court held that where there is no showing that the shareholder was unaware of the existence of the inchoate claim at the time of the corporate dissolution, there is no legal or equitable reason to allow him to prosecute as an individual the corporation's claim for breach of the contract.
In In re Reinstatement of North Louisiana Well Servicing Co., Inc., 597 So.2d 160 (La.App. 2 Cir. 1992), the corporate creditors introduced minutes of the meeting of the House Commerce Committee explaining that the purpose of the 1989 amendment to § 142.1 [which added Subsection B to allow reinstatement of a dissolved corporation when directed by a court order] was intended to avoid "a situation whereby a corporation was dissolved and realized that it was still holding land but, because of the dissolution, it could not sell the land."
*38 In the case at bar, the shareholders knew of the claims the corporation had against the defendants when they chose to dissolve the corporation by affidavit. They could have dissolved the corporation through liquidation and preserved their claims but did not do so. As stated by this Court in Gendusa and Robertson, there is no public policy and no statutory provision to protect a shareholder, in possession of all relevant information concerning his corporation's inchoate claim, from the loss of that right through his own voluntary dissolution of the corporation by affidavit. Likewise, while La. R.S. 12:142.1(B) allows for reinstatement of the corporation after dissolution by affidavit, there is no public policy or statutory provision which permits the reinstatement to be retroactive and grants the revival of the corporation's inchoate claims. As such, Leader Buick does not have a right of action against the defendants for the breach of the purchase agreement. Leader Buick's claims against the defendants were extinguished when the corporation was dissolved by affidavit. The reinstatement of the corporation did not revive its claims against the defendant. Thus, the trial court correctly maintained the defendants' exception of no right of action.
Accordingly, the judgment of the trial court granting the defendants' exception of no right of action is affirmed.
AFFIRMED.