h DAVID S. GORBATY, Judge.
In this appeal, plaintiffs assert that it was error for the trial court to dismiss their claims. For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY

Plaintiff Rebecca Kosak has brought this action against Evan Trestman and his alleged malpractice insurance carriers. This legal malpractice suit arises from an underlying personal injury action wherein Ms. Kosak’s fiancé, Duval Cantu, was severely injured in an automobile accident. Defendant Trestman was retained by Ms. Kosak to protect Cantu’s interests. Cantu was subsequently interdicted, and Ms. Ko-sak was appointed as his curatrix. A personal injury lawsuit was filed on behalf of Ms. Kosak individually and as curatrix for Mr. Cantu.
Kosak alleges that she discharged Trest-man “for cause” in 1989, and that other attorneys settled the personal injury action on her behalf. Although Cantu married Kosak after his accident, they divorced after the settlement was reached in the personal injury action. After the settlement, Cantu moved to nullify the order of interdiction. The matter was contested by Ms. Kosak, was heavily litigated, and was eventually addressed by the Fifth Circuit Court of Appeal.
l2In November 1996, Kosak filed this malpractice action against Trestman. In April 1999, she filed an amended and supplemental petition alleging a cause of action as Mr. Cantu’s curatrix and an independent claim on her own behalf. Specifically, she alleged that Trestman was negligent in the interdiction of Cantu; that Trestman breached an alleged duty owed to her by helping Cantu in his attempt to nullify the interdiction; and that Treatman breached numerous duties owed to her individually.
In the interdiction proceeding, in June 1999, Ms. Kosak filed a voluntary “Motion to Withdraw as Curatrix.” Based on this, the trial court considered Cantu’s petition for nullity moot because Kosak had already withdrawn as curatrix. The Fifth Circuit agreed. However, Kosak continued to pursue the instant malpractice claim.
In February 2001, Trestman filed an Exception of Peremption and/or Prescription and/or Motion for Summary Judg *217 ment, as well as an Exception of No Cause and/or Right of Action, along with other motions. Coregis, as Trestman’s professional liability insurer, filed similar exceptions and motions. After a lengthy hearing, the trial judge stayed the proceedings pending the outcome of Ms. Kosak’s disciplinary complaint against Trestman. However, this court reversed that judgment and remanded the matter. In March 2003, the trial court issued a judgment granting defendant’s Exception of No Cause and/or No Right of Action, and dismissed plaintiffs suit. Plaintiff subsequently filed this appeal.

DISCUSSION

Plaintiffs argue that the trial court erred in dismissing the claims of Duval Cantu on the grounds that Ms. Kosak no longer had the right to pursue an action on Mr. Cantu’s behalf. Mr. Cantu had filed a motion to be substituted as party ^plaintiff for Ms. Kosak. The cause for the exception could be removed by the mere granting of this motion to substitute, plaintiff asserts.
Plaintiffs next aver that the trial court erred in dismissing Ms. Kosak’s claims on an exception of no cause of action, when the petitions stated causes of action based upon an attorney malpractice, conflict of interest, Ratcliff v. Boydell type claims, fraud and misrepresentation. Further, plaintiffs contend that it was improper for the trial court to look beyond the pleadings and make findings adverse to the statements contained in the pleadings for the purpose of granting an exception of no cause of action.
In its Reasons for Judgment, the trial court stated:
Since Ms. Kosak voluntarily resigned as Mr. Cantu’s curatrix on June 14, 1999, she has no right of action or cause of action to pursue the instant action on Mr. Cantu’s behalf. Once an interdiction ends, the former interdict manages his own affairs, freed- from the former curatrix’s further control or involvement. Accordingly, this court finds that Ms. Kosak, as a former curatrix, is not the proper party and does not possess the right to pursue, on Mr. Cantu’s behalf, any claim against the defendant.
The trial court also ruled that Ms. Ko-sak has no legal right to proceed individually against Trestman because she was not married to Cantu at the time he sustained the injuries. The trial court noted that Kosak “was not a member of any of the designated class of beneficiaries who could assert a loss of consortium claim. As one cannot marry into a cause of action, this court finds that Ms. Kosak has no legal malpractice claim against Mr. Trestman” in connection with the filing of Cantu’s underlying personal injury action.
The trial court also rejected Kosak’s claim that, under La. C.C.P. art. 805, she is entitled to maintain her action as the former curatrix until Cantu is substituted as a party. The trial judge stated:
RThe crux of Ms. Kosak’s suit is not an “action” anticipated by Article 805, which primarily applies to people who were minors when the action commenced but reached the age of majority during the litigation. Indeed, Ms. Ko-sak’s lawsuit presents various claims against Mr. Trestman for his actions and/or inactions on her behalf as the former curatrix for Mr. Cantu. The instant suit is devoid of any allegations that Mr. Trestman harmed Mr. Cantu.
We agree with the reasoning and conclusions of the trial court. During the pendency of an interdiction proceeding, the proper person to file and prosecute any cause of action on Cantu’s behalf is his curatrix. La. C.C.P. art. 684. Since Kosak voluntarily resigned as curatrix on June 14, 1999, she was not Cantu’s cura- *218 trix and .has no right to pursue .any claim on Cantu’s behalf. Further, Kosak was not married to Cantu at the time he was injured, so she had no individual claim in the tort action. Thus, in her role as cura-trix, the underlying suit was filed, exclusively in the best interest of the interdict. As such, any authority for plaintiff to act in that capacity was terminated on June 14, 1999 when Ms. Kosak voluntarily resigned as curatrix. A curatrix who has resigned has no further authority to act on behalf of an interdict.
The motion filed by Ms. Kosak contained a proposed order that another curator, be appointed. As the record demonstrates, that portion of the order was scratched through and rejected by the presiding judge. Although Ms. Kosak. was undeniably .removed as curatrix, no successor was appointed because ten years after the accident, Mr. Cantu did not require a curatrix, and the interdiction effectively ended. The Fifth Circuit held that the interdiction was dismissed as of the date of Ms. Kosak’s withdrawal as curatrix. Accordingly, Ms. Kosak has no further authority to act as Mr. Cantu’s curatrix and no right of action to maintain the instant legal malpractice action against Mr. Trest-man.
| sUnder Louisiana law, in order to maintain an action for legal malpractice, a plaintiff must prove three essential elements: the existence'of an attorney-client relationship; negligent misrepresentation by the attorney; and loss to the client caused by the alleged negligence. Spellman v. Bizal,. 99-0723 (La.App. 4 Cir. 3/1/00), 755 So.2d 1013; Irl R. Silverstein, PLC v. Juarez, 98-1322 (La.App. 5 Cir. 6/1/99), 740 So.2d 702. In the instant case, Ms. Kosak admittedly knew she had no individual claim in the underlying personal injury suit and as such, no attorney/client relationship with Mr. Trestman. Ms. Ko-sak could not marry into a cause of action, and she had no loss of consortium claim because she married Mr. Cantu after his accident..
In retaining Mr. Trestman to pursue Mr. Cantu’s personal injury claim, she, as the interdict’s curatrix, was acting exclusively in the best interest of the interdict, as was her fiduciary duty to Mr. Cantu. She, individually, had no claim and was not represented by Mr. Trestman in that action or in the interdiction proceeding. Mr. Trestman was representing Mr. Cantu, the interdict, and owed his duty to him, not to Ms. Kosak, the curator. Accordingly, Ms. Kosak has no individual cause of action against defendant.
Ms. Kosak cites La. C.C.P. art. 805 as authority for her proposition that Mr. Cantu can and should procedurally be substituted as plaintiff. However, her reliance o.n this article is misplaced. The trial court correctly ruled that this article primarily applies, to people who were minors when they sustained injury and suit was filed, and later reached the age of majority during the pendency of the suit. In such cases, substitution of the former minor as plaintiff is proper to pursue his or her own cause of action. However, in this lawsuit, the crux of Ms. Kosak’s argument is that she was somehow harmed by Mr. Trest-man’s alleged conflict of ^interest in attempting to remove her as Mr. Cantu’s curatrix. Significantly, as the trial court noted, there is no allegation that Mr. Cantu was harmed or sustained any damages at all.
Without damages actually sustained by Mr. Cantu, there exists no cause of.action in his favor in legal malpractice, and the belated substitution of him as a plaintiff is meaningless. The right to amend is not so absolute as to permit an amendment when it would constitute a *219 vain and useless act. Stovall v. Carimi, 95-0766 (La.App. 4 Cir. 11/30/95), 667 So.2d 1107; Thompson v. Harrington, 99-571 (La.App. 3 Cir. 10/13/99), 746 So.2d 652. As such, the trial court properly granted defendant’s Exceptions of 'No Right/ Cause of Action prior to addressing the belatedly filed motion - to substitute.
Finally, plaintiffs contend that the trial court erred in ruling on exceptions of no right of action and no cause of action without first having tried the exceptions, in violation of La. C.C.P. art. 929.
The record reflects that on November 26, 2001, the exceptions came for hearing before the Civil District Court for the Parish of Orleans before Judge Michael Bag-neris. The hearing, in which eleven attorneys made appearances on the record, was lengthy and encompassed discussion of the instant suit as well as other related eases. After long and thorough presentations by counsel for Ms. Kosak and counsel for Mr. Trestman, the trial judge requested memo-randa from the parties on the issue of the existence of a cause of action/ right of action in this matter. Judge Bagneris noted that plaintiff had not yet filed an opposition to Mr. Trestman’s exceptions in this regard. However, the trial judge felt that the issue was so intertwined with the prescription issue that post-trial briefs were necessary. On December 6, 2001, plaintiff filed a Memorandum in Opposition to the 17Exception of No Cause/ No Right of Action. Mr. Trestman subsequently filed a reply to this memorandum.
We find that the trial judge did not err in ruling on the exceptions of no cause/ right of action. The issues involved in the exceptions were discussed at length by the parties at the November 26 hearing. Further, the parties submitted memoranda concerning the exceptions. As such, it was proper for the trial court to issue judgment on the exceptions. This assignment of error is without merit.

CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.