MAX N. TOBIAS, Jr., Judge.
| Julie D. Poche, defendant/plaintiff-in-reconvention/third-party plaintiff/appellant, appeals from a judgment granting an exception of no cause of action in favor of third-party defendant/appellee, Charles Mentz, III, and an exception of no right of action in favor of third-party defendant/ap-pellee, Scottsdale Insurance Company (“Scottsdale”). After reviewing the record and applicable law, we affirm in part, re *1223 verse in part, and remand the matter for farther proceedings.
Ms. Poche hired Mentz Construction Services, Inc. (“MCS”) as general contractor for renovation of her residence in New Orleans. Bidding on the contract and subsequent negotiations on behalf of the company were handled by Mr. Mentz, Vice President/Treasurer and employee of MCS, and John Segura, also an employee of the company. After arms-length negotiations of the contract between Ms. Poche and MCS, work on the home began under the day-to-day supervision of project superintendent, John Segura. Various subcontractors were hired to perform specific portions of the work.
12After the contract terminated, MCS filed suit against Ms. Poche for non-payment of funds under the contract. In response, Ms. Poche filed a reconventional demand against MCS and third-party demands against its insurer, Scottsdale, and Mr. Mentz, alleging negligence and breach of contract.
Mr. Mentz filed a peremptory exception of no cause of action, which was granted by the trial court on 2 December 2009. Scottsdale filed a peremptory exception of no right of action, which was granted by the trial court at the same time. This timely appeal followed.
When used in the context of the peremptory exception, a cause of action “is defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant.” Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993). The exception of no cause of action raises the issue of whether the law affords the plaintiff a remedy on the facts as alleged within the four corners of the plaintiffs petition as supplemented and amended. La. C.C.P. art. 931; Everything on Wheels Subaru, Inc., 616 So.2d at 1235; Systems Engineering and Security, Inc. v. Science & Engineering Associations, Inc., 06-0974, p. 2 (La.App. 4 Cir. 6/20/07), 962 So.2d 1089, 1091. The well-pleaded facts of the petition must be accepted as true. Veroline v. Priority One EMS, 09-1040, p. 4 (La.10/9/09), 18 So.3d 1273, 1275; City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170, p. 9 (La.3/2/99), 739 So.2d 748, 755.
In reviewing a trial court’s sustaining an exception of no cause of action, an appellate court conducts a de novo review because the exception raises a question of law, and the trial court’s decision is based solely on the sufficiency of the |spetition. Industrial Companies, Inc. v. Durbin, 02-0665, pp. 6-7 (La.1/28/03), 837 So.2d 1207, 1213; Cleco Corp. v. Johnson, 01-0175, p. 3 (La.9/18/01), 795 So.2d 302, 304.
In her third-party demand against Mr. Mentz, Ms. Poche alleges that he was negligent by failing to (1) properly supervise the work of the subcontractors, (2) have the foreman on the job site at all times, (3) inspect the work performed by the subcontractors to see if it was done properly, (4) inspect the work for compliance with applicable building and safety codes, and (5) insure that all the subcontractors were timely paid. Mr. Mentz filed his exception of no cause of action, arguing that Ms. Poche cannot hold him personally liable for the alleged misdeeds of MCS, the party with whom Ms. Poche contracted.
In her appeal, the plaintiff contends that Mr. Mentz can be held liable for negligence under the theory that he personally discharged some, if not all, of the obligations owed by the company. We disagree.
The Louisiana Supreme Court addressed the issue in Riggins v. Dixie Shor *1224 ing Co., Inc., 590 So.2d 1164, 1167-1169 (La.1991):
The general rule that corporations are distinct legal entities, separate from the individuals who comprise them, and that the shareholders are not liable for the debts of the corporation, is statutory in origin and well supported by the jurisprudence. The economic purpose underlying this framework of limited liability was expressed by the First Circuit over a quarter century ago: “[Pjrotection from individual liability encourages and promotes business and industry”. Additionally, this shareholder liability shield encourages business investments in high-risk areas by enabling investors who utilize the corporate form to make capital contributions to corporations while insulating their personal wealth from the risks inherent in business. No matter the size of the business, incorporation is an optional form for conducting business in Louisiana. In fact, the 1968 prevision to the corporation laws now allow a single individual to incorporate. LSA-R.S. 12:21.
Because of the beneficial role of the corporate concept, the limited liability attendant to corporate ownership should be disregarded only in exceptional circumstances. Moreover, if the plaintiffs do not allege shareholder fraud, they bear a heavy burden of proving that the shareholders disregarded the corporate entity to such an extent that it ceased to become distinguishable from themselves.
There are limited exceptions to the rule of non-liability of shareholders for the debts of a corporation, where the court may ignore the corporate fiction and hold the individual shareholders liable. Generally, that is done where the corporation is found to be simply the “alter ego” of the shareholder. It usually involves situations where fraud or deceit. has been practiced by the shareholder acting through the corporation. LSA-R.S. 12:95. Another basis for piercing the corporate veil is when the shareholders disregard the requisite corporate formalities to the extent that the corporation ceases to be distinguishable from its shareholders.
Some of the factors courts consider when determining whether to apply the alter ego doctrine include, but are not limited to: 1) commingling of corporate and shareholder funds; 2) failure to follow statutory formalities for incorporating and transacting corporate affairs; 3) undercapitalization; 4) failure to provide separate bank accounts and bookkeeping records; and 5) failure to hold regular shareholder and director meetings.
The fact that one individual owns a majority of stock in the corporation does not in itself make that individual liable for corporate debts. This is particularly true in the case of a closely held corporation where often corporate business is conducted by the majority, or sole, stockholder.
Louisiana courts are reluctant to hold a shareholder, officer, or director liable for corporate obligations, in the absence of fraud, malfeasance, or criminal wrongdoing. LSA-R.S. 12:93(B); 12:95. Furthermore, corporate agents are generally not liable for corporate debts and the burden of establishing the contrary is on the corporate creditor. [Citations omitted]
IfiMs. Poche has not alleged any facts sufficient to state a cause of action against Mr. Mentz. Nothing exists to support the theory that Mr. Mentz acted in any capacity other than as an officer and employee of MCS. Therefore, the exception of no cause of action was properly sustained.
Ms. Poche also asserts that the trial court should have allowed her to amend *1225 her reconventional and third-party demands to allege facts to support her allegations.
The decision to allow a plaintiff to amend under La. C.C.P. art. 934 is within the discretion of the trial court, and will not be disturbed absent manifest error. Massiha v. Beahm, 07-0137, p. 4 (La.App. 4 Cir. 8/15/07), 966 So.2d 87, 89. La. C.C.P. art. 934 neither permits amendments to a petition that change the substance of the original claims nor when it would constitute a vain and useless act. Kosak v. Trestman, 03-1056, p. 6 (La.App. 4 Cir. 12/3/03), 864 So.2d 214, 218-19. We do not find that the trial court committed manifest error in this regard. However, we recognize that, as Ms. Poche proceeds with her lawsuit against MCS, discovery may uncover evidence supporting her claims of negligence against Mr. Mentz. Therefore, we affirm the trial court, but dismiss the cause of action without prejudice.
Ms. Poche also contends that the trial court erred by granting Scottsdale’s exception of no right of action. In her petition, Ms. Poche sued Scottsdale under Louisiana’s Direct Action Statute, which responded with the exception arguing that the lawsuit did not satisfy the requirement of the Direct Action Statute as the claims arose out of contract, not tort. The trial court agreed.
|fiLa. C.C.P. art. 931 states in pertinent part:
On the trial of the peremptory exception [of no right of action] pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.
As we set out in Touzet v. V.S.M. Seafood Services, Inc. 96-0225, pp. 2-3 (La.App. 4 Cir. 3/27/96), 672 So.2d 1011, 1012-13:
The peremptory exception of no right of action questions whether the party against whom it is asserted has an interest in judicially enforcing the right alleged against the exceptor. When considering the exception, the court must ask whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance or whether the plaintiff has an interest in judicially enforcing the right asserted. The exception does not raise the question of the plaintiffs ability to prevail on the merits nor [sic] the question of whether the defendant may have a valid defense. [Citations omitted.]
See also St. Bernard Optical Corp. v. Schoenberger, 05-0548, p. 6 (La.App. 4 Cir. 1/25/06), 925 So.2d 604, 608.
The exceptor, in this case Scottsdale, bears the burden of proof to show that Ms. Poche has no right of action. Carter v. Haygood, 04-0646, p. 8 (La.1/19/05), 892 So.2d 1261, 1267. However, Scottsdale did not introduce a copy of the insurance policy issued by it to MCS in support of its exception. Therefore, the court cannot determine whether a right of action exists in Ms. Poche’s favor or not. For all we know, the policy may list Ms. Poche as an additional insured or provide coverage for her claim. Consequently, we find that the trial court erred by granting the exception of no right of action.[1]
|7We reverse the judgment in part, affirm the judgment in part, and remand the *1226 matter to the trial court for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.

. Since the exception of no right of action can be noticed by the trial court or appellate court on its own motion, our decision on this issue is not res judicata and may be asserted again by Scottsdale.