ROSEMARY LEDET, Judge.
1,Julie D. Poche, defendant/plaintiff-in-reconvention/third-party plaintiff/appellant, appeals from a judgment granting an exception of no right of action in favor of third-party defendant/appellee, Scottsdale Insurance Company (“Scottsdale”). After reviewing the record and applicable law, we affirm.

*275
FACTUAL AND PROCEDURAL BACKGROUND

On January 14, 2008, Ms. Poche entered into a written construction contract with Mentz Construction Services, Inc. (“MCS”) for renovation and repair of her home at # 6 Jay Street, New Orleans, Louisiana. Within a few months of commencement of the construction, issues began to arise between the parties regarding the renovation. The parties attempted to resolve their issues; however, their attempts were unsuccessful. Ultimately, on April 30, 2008, Ms. Poche terminated the contract with MCS.
On June 10, 2008, MCS filed suit against Ms. Poche for non-payment of funds under the contract. In response, Ms. Poche filed a reconventional demand against MCS asserting claims that MCS breached the written contract between the ^parties because the work performed was not done in accordance to the terms of the contract and that it was performed in an unwork-manlike or negligent fashion. In addition to the reconventional demands asserted against MCS, Ms. Poche added as third-party defendants Scottsdale, MCS’s insurer, and Charles Mentz III, Vice President/Treasurer and employee of MCS.
Mr. Mentz filed a peremptory exception of no cause of action, arguing that Ms. Poche could not hold him liable for the alleged misdeeds of MCS. Scottsdale filed a peremptory exception of no right of action, arguing that Ms. Poche’s reconven-tional demand does not satisfy the requirement of the Louisiana Direct Action Statute (“DAS”), La. R.S. 22:1269 (formerly La. R.S. 22:655), because her claims arise out of contract, not tort. On November 6, 2009, the district court held a hearing on the exceptions filed by Mr. Mentz and Scottsdale. The exceptions were sustained. Subsequently, Ms. Poche filed a timely appeal of the rulings on both exceptions. This Court affirmed the district court’s ruling in reference to the peremptory exception of no cause of action filed by Mr. Mentz, except to dismiss it without prejudice rather than with prejudice. Mentz Constr. Services, Inc. v. Poche, 10-0904, p. 5 (La.App. 4 Cir. 12/22/10), 54 So.3d 1221, 1225. However, in reference to Scottsdale’s peremptory exception of no right of action, this Court reversed the district court’s ruling and remanded the matter. Mentz Constr. Services, Inc., 10-0904, p. 6-7, 54 So.3d at 1225-26. This Court held that there was no way to determine whether a right of action exists in Ms. Poche’s favor Rsince Scottsdale did not introduce a copy of the insurance policy issued by it to MCS in support of its exception. Id.
Following remand, Ms. Poche filed a second amended reconventional and third-party demand. Subsequently, Scottsdale filed a motion to re-urge its peremptory exception of no right of action, attaching as exhibits to the motion, Scottsdale’s policies of insurance issued to MCS. The district court granted the exception, finding that Ms. Poche’s claims against MCS arise solely out of the alleged breach of construction contract. From this judgment, Ms. Poehe appeals.

STANDARD OF REVIEW

A peremptory exception of no right of action is designed to determine whether the plaintiff has a real and actual interest in the action. Hood v. Cotter, 08-0215, p. 17 (La.12/2/08), 5 So.3d 819, 829, citing La. C.C.P. art. 927(A)(6). Its objective is to determine whether the plaintiff belongs to a particular class of persons to whom the law grants a cause of action asserted in a lawsuit. Marchand v. Asbestos Defendants, 10-0650, p. 4 (La.App. 4 Cir. 7/21/10), 44 So.3d 355, 358. The exception assumes that the petition sets *276 forth a valid cause of action and questions whether the plaintiff in a particular case has a legal interest in the subject matter of the litigation. Id. The determination of whether a plaintiff has a right of action is a question of law; thus, we review the trail court’s decision de novo. Marcel v. Delta Shipbuilding Co., 10-0168, p. 3 (La.App. 4 Cir. 8/4/10), 45 So.3d 634, 637.

\ ¿DISCUSSION

Ms. Poche alleges that the district court erred by granting Scottsdale’s exception of no right of action. In her petition, Ms. Poche asserted a claim against Scottsdale under the DAS. However, Scottsdale’s exception of no right of action argued that the lawsuit did not satisfy the requirement of the DAS as Ms. Poche’s claims arose out of contract, not tort. The district court agreed.
The DAS grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured. Hood, 08-0215 at p. 17, 5 So.3d at 829. La. R.S. 22:1269 provides in pertinent part:
It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons and their survivors or heirs to whom the insured is liable; and, that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability the insured may have as or for a tortfeasor within the terms and limits of the policy.
Construing the DAS, the Louisiana Supreme Court determined that “the statute applies to any insurance against the liability of the insured for the personal injury or corporeal property damage to a tort victim ... further the statute affords a person sustaining any other type of tortious loss or damage a direct action against the tort-feasor’s insurer.” Quinlan v. Liberty Bank and Trust Co., 575 So.2d 336, 347 (La.1990). Thus, the DAS does not apply to all claims of any nature simply because an insurer is a defendant. Taylor v. Fishing Tools, Inc., 274 F.Supp. 666, 673 (E.D.La.1967). Louisiana courts have consistently held that the “injured person”, contemplated by the statute, accorded a right of direct action, is a person | ¿injured as a result of tortious conduct and not one injured as a result of breach of contract. Id.
Although direct actions against insurers are limited to tort liability and not authorized in actions stemming from breach of contract, a lawsuit which sets forth numerous theories for recovery may proceed under the DAS. Orleans Parish School Bd. v. Chubb Custom Ins. Co., 162 F.Supp.2d 506, 516 (E.D.La.2001). When a party has been damaged by the conduct of another arising out of a contractual relationship, the party may have two remedies, a suit in contract or a suit in tort, and he may elect to recover his damages under either of the two actions. Corbello v. Iowa Prod., 02-0826, p. 32 (La.2/25/03), 850 So.2d 686, 708, quoting Federal Ins. Co. v. Ins. Co. of North America, 262 La. 509, 263 So.2d 871, 872 (1972).
However, this court in Certain Underwriters at Lloyd’s, London v. Sear-Lar Mgmt., 00-1512 (La.App. 4 Cir. 5/9/01), 787 So.2d 1069, has set forth the distinctions between an action on a contract and a tort action. The court noted that where a cause of action arises from breach of a promise set forth in contract, the action is “ex contractu”, but where it arises from a breach of duty growing out of contract, it is “ex delicto.” Certain Underwriters at Lloyd’s, London, 00-1512 at p. 6, 787 So.2d at 1074. Thus, the main distinction be *277 tween an action on a contract and a tort action is that the former flows from the breach of a special obligation contractually assumed by the obligor, whereas the latter flows from the violation of a general duty owed to all persons. Certain Underwriters at Lloyd's, London, 00 — [1512ñ at p. 7, 787 So.2d at 1075, citing Ridge Oak Development, Inc. v. Murphy, 94-0025 (La.App. 4 Cir. 6/30/94), 641 So.2d 586.
It is well settled in Louisiana law that the same acts or omissions may constitute a breach of both general duties and contractual duties and may give rise to both actions in tort and actions in contract. Id. However, the parties to a contract have a right to elevate a general duty to a contractual obligation by including that duty as a provision of the contract. Id.
Since the DAS applies only to tort claims and not to breach of contract claims, we must look to the nature of the claims asserted in Ms. Poche’s reconven-tional demand to determine whether the statute applies. Taylor, 274 F.Supp. at 673.
In addition to the claims against MCS for respondent superior due to the negligence of its employees and agents, Ms. Poche asserts the following claims of breach of contract against MCS in her reconventional demand:
a. MCS failed to properly supervise its subcontractors, failed to adhere to contract specifications, failed to perform in a workmanlike manner, failed to timely repair work under the contract, and failed to timely pay subcontractors.
b. MCS attempted to unilaterally modify terms of the contract.
c. MCS communicated with Ms. Poche in an unprofessional manner.
Although Ms. Poche’s claims sound in tort, they arise from duties set forth in the contract between the parties. As it relates to Ms. Poche’s claims, a review of the written contract between the parties shows that MCS contracted to:
a. Furnish all labor and material to perform the project in a workmanlike manner.
b. Work according to the contract specifications.
|7c. Work according to the industry standards and safety practices.
d. Complete the project when the property can be occupied or utilized as intended.
e. Conduct “change orders” (alter the contract) only with the consent of the contractor and owner.
According to Ms. Poche’s re-conventional demand, the alleged duties breached are detailed in the contract between the parties. Therefore, Ms. Poche’s causes of action arise from the breach of promises outlined in the contract and considered “ex contractu.” Although each of Ms. Poche’s claims are not specifically stated in minute detail in the contract, La. C.C. art. 2054 provides for “implied” contractual obligations; it states:
When the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose.
Certain Underwriters at Lloyd’s, London, 00-1512 at p. 8, 787 So.2d at 1075-76. Although expressly stated in the contract between the parties in the instant case, implicit in every construction contract is the requirement that the work be performed in a good, workmanlike manner, suitable for its intended purpose and free *278 from defects in material or workmanship. Austin Homes, Inc. v. Thibodeaux, 01-1282, p. 6 (La.App. 3 Cir. 5/8/02), 821 So.2d 10, 15; Mount Mariah Baptist Church, Inc. v. Pannell’s Associated Elec., Inc., 36,361, p. 8 (La.App. 2 Cir. 12/20/02), 835 So.2d 880, 887. Further, an implied contractual obligation arises just as much ex contractu as |san explicit one. Certain Underwriters at Lloyd’s, London, 00-1512, p. 8, 787 So.2d at 1076.
The alleged duties that were breached according to Ms. Poche’s reconventional demand are both explicitly and implicitly set forth in the contract between the parties. Further, based on the facts and claims in Ms. Poche’s reconventional demand, there are no general tort duties alleged which do not arise as a result of the existence of the contract that would form the basis of tort liability established by La. C.C. art. 2315. The duties allegedly breached by Scottsdale’s insured arise solely out of contractual obligations. Therefore, the DAS does not provide Ms. Poche a right of action to pursue claims against Scottsdale. The exception of no right of action was properly sustained.

DECREE

For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED
BONIN, J., concurs in part and dissents in part with reasons.