BONIN, J.,
concurs in part and dissents in part with reasons.
Iil concur in affirming the judgment sustaining the exception of no right of action. I dissent, however, from affirming the relief of dismissal with prejudice.
When this matter was previously before us on an exception of no cause of action filed by Mr. Mentz personally, “we recognize[d] that, as Ms. Poche proceeds with her lawsuit against MCS, discovery may uncover evidence supporting her claims of negligence against Mr. Mentz.” Mentz Const. Services, Inc. v. Poche, 10-0904, p. 5 (La.App. 4 Cir. 12/22/10), 54 So.3d 1221, 1225. As a result, while affirming the trial court’s ruling sustaining the exception, we modified the relief to dismiss the action without prejudice. Id.
Because we prudently previously left open the possibility that the circumstances of this case may change, in order to be consistent, we should amend the trial court’s judgment to provide that today’s dismissal is also without prejudice.[1]
Accordingly, I dissent from affirming the dismissal with prejudice.

. If MCS demanded Scottsdale to provide a defense based upon Ms. Poche’s allegations, it is likely that Scottsdale would be back in this case. Moreover, if after further discovery Ms. Poche is able to state a cause of action against MCS and its employee, Mr. Mentz, for negligence, then MCS could demand indemnity as well. If it turns out that Scottsdale also owed MCS indemnity for its negligence, but our affirmation of dismissal with prejudice stands, we would have an anomalous result in which Ms. Poche' could not assert her right to collect directly from Scottsdale. The Direct Action Statute is not just for joining an insurer, but also for enabling the injured party to directly execute a judgment against the insurer.