**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2018 CA 0117

CROSSTEX ENERGY SERVICES, LP; CROSSTEX LIG, LLC;
AND CROSSTEX PROCESSING SERVICES, LLC

VERSUS

TEXAS BRINE COMPANY, LLC; ZURICH AMERICAN INSURANCE COMPANY;
AND AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY

Decision Rendered: **NOV 2 0 2019**

* * * * * * *

APPEALED FROM
THE 23RD JUDICIAL DISTRICT COURT
ASSUMPTION PARISH, LOUISIANA
DOCKET NUMBER 34,202

HONORABLE THOMAS J. KLIEBERT JR., JUDGE

* * * * * * *

Leopold Z. Sher
James M. Garner
Peter L. Hilbert Jr.
Neal J. Kling
Jeffrey D. Kessler
Amanda R. Schenck
New Orleans, Louisiana
and
Robert Ryland Percy III
Gonzales, Louisiana
and
Travis J. Turner
Gonzales, Louisiana
and
Eric J. Mayer
Houston, Texas

Attorneys for 3rd Party Plaintiff/Appellant
Texas Brine Company, LLC

Thear J. Lemoine
New Orleans, Louisiana

Attorney for 3rd Party Defendant/Appellee
National Surety Corporation

BEFORE: McDONALD, WELCH, and CRAIN, JJ.

Welch Jr. concurs without reasons

**McDONALD, J.**

This appeal relates to one of several lawsuits arising from the August 2012 appearance of a sinkhole near Bayou Corne in Assumption Parish, Louisiana. Here, Texas Brine Company, LLC, appeals an August 21, 2017 summary judgment in favor of National Surety Corporation, the homeowner's insurer of Sol Kirschner. The judgment dismissed Texas Brine's third-party direct action claim against National Surety, based on the trial court's determination that a business activities exclusion in National Surety's policy excluded coverage for Texas Brine's third-party claims against Mr. Kirschner, a prior party to a mineral lease under which the Adams Hooker #1 well was operated.

While this appeal was pending, National Surety filed a motion to stay, contending we should defer action here until separate appeals involving Mr. Kirschner were resolved. On October 10, 2018, we granted National Surety's motion to stay until further order of this Court and/or until appeals in our docket numbers 2018 CA 0749, 2018 CA 1189, and 2018 CA 1213, were decided. Those three appeals have now been decided, resulting in our affirmance of judgments dismissing all of Texas Brine's claims against Mr. Kirschner. *Crosstex et al. v. Texas Brine Company, LLC, et al.,* 18-0749 (La. App. 1 Cir. 2/27/19), 2019 WL 969564 *(Crosstex 0749); Crosstex et al. v. Texas Brine Company, LLC, et al.,* 18-1189 (La. App. 1 Cir. 2/27/19), 2019 WL 966910; *Crosstex et al. v. Texas Brine Company, LLC, et al.,* 18-1213 (La. App. 1 Cir. 7/11/19), 2019 WL 3049762 *(Crosstex 1213), writ denied,* (La. 11/12/19), ___ So.3d ___. On May 21, 2019, we lifted the stay here and now consider the appeal.

Texas Brine's claims against National Surety are based on the Direct Action Statute, La. R.S. 22:1269, which grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured. *Soileau v. Smith True Value and Rental,* 12-1711 (La. 6/28/13), 144 So.3d 771, 775. In a related judgment, the trial court dismissed Texas Brine's tort claims against Mr. Kirschner, and we affirmed that judgment in *Crosstex 0749.* The trial court also dismissed Texas Brine's contract claims against Mr. Kirschner, and we affirmed that judgment in

2

*Crosstex 1213*.[1]  Thus, as a result of our decisions, Texas Brine no longer has a substantive cause of action against Mr. Kirschner; and, Texas Brine no longer has a procedural right of action under the Direct Action Statute against National Surety, as Mr. Kirschner's insurer.  Accordingly, we find *ex proprio motu* that the instant appeal is moot.  *See Wells Fargo Bank, N.A. v. Tonagel*, 12-0984 (La. App. 1 Cir. 6/7/13), 2013 WL 2487626; *James v. A & B Builders*, 09-0784 (La. App. 1 Cir. 10/23/09), 29 So.3d 578 n.2.

For the foregoing reasons, and in accordance with Uniform Rules – Courts of Appeal, Rule 2-16.2A(3), we dismiss this appeal as moot.  We assess costs of the appeal to Texas Brine.[2]

**APPEAL DISMISSED.**

---

[1] Direct actions against insurers are limited to tort liability; but, a lawsuit setting forth numerous theories of recovery may, in some circumstances, proceed under the Direct Action Statute.  *See Mentz Construction Services, Inc. v. Poche*, 11-1474 (La. App. 4 Cir. 3/14/12), 87 So.3d 273, 276; *Champion v. Panel Era Mfg. Co.*, 410 So.2d 1230, 1235-36 (La. App. 3 Cir. 1982).

[2] Based on this cost assessment, we need not address National Surety's post-argument Motion for Determination or Allocation of Appeal Costs, or, In the Alternative, Motion for Leave to File Post-Argument Brief.