| | | |
|---|---|---|
| **POCKET BILLIARDS AND BAR, LLC** | * | **NO. 2022-CA-0109** |
| | * | |
| **VERSUS** | * | **COURT OF APPEAL** |
| | * | |
| **FAST & AFFORDABLE COLLEGE STUDENT MOVERS, INC. & ABC INSURANCE COMPANY** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * * * * * * * | |

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 65-072, DIVISION "B"
Honorable Michael D. Clement
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)

**JENKINS, J., CONCURS IN THE RESULT**

Connie P. Trieu
Clint R. Hanchey
Allison J. Johnson
Veleka Eskinde
Zachary T. Lamachio
Lee P. Sharrock
TRIEU LAW, LLC
1800 Carol Sue Avenue, Suite 7
Gretna, LA 70056

     COUNSEL FOR PLAINTIFF/APPELLANT, POCKET BILLIARDS AND BAR, LLC

Joseph R. McMahon, III
Attorney at Law
2332 Severn Avenue, Suite 100
Metairie, LA 70001

     COUNSEL FOR DEFENDANTS/APPELLEES, FAST AND AFFORDABLE STUDENT MOVERS, INC. & ABC INSURANCE COMPANY

                                            **AFFIRMED**
                                     **August 10, 2022**

*TFL*

*TGC*

This appeal arises from the dissolution of a limited liability company and damages alleged to have been sustained prior to the dissolution. Plaintiff hired defendant to move pool tables, four of which were allegedly damaged during the move. Plaintiff, a dissolved limited liability company, filed suit against defendant for damages. Defendant filed an exception of no cause of action, which the trial court granted, dismissing plaintiff's claims without an opportunity to amend.

On review, we find the trial court correctly granted the exception, as the limited liability company was dissolved by affidavit prior to filing suit against defendant. As there is no reservation or protection of a limited liability company's claims once the company avails itself to dissolution by affidavit, permitting amendment would have been futile. Accordingly, the judgment of the trial court is affirmed.

### *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

Pocket Billiards and Bar, LLC hired Fast and Affordable College Student Movers, Inc. to move pool tables. Four of the pool tables were allegedly damaged in the process. Pocket Billiards filed a Petition for Damages against Student Movers and ABC Insurance Company for compensation.

1

Student Movers filed an Exception of No Cause of Action contending that Pocket Billiards "has no right of action, or no interest to institute the suit," as Pocket Billiards had filed an Affidavit to Dissolve prior to bringing suit. Following a hearing, the trial court granted the exception and dismissed Pocket Billiards' claims with prejudice.

Pocket Billiards' appeal followed, asserting that the trial court erred by granting the Exception of No Cause of Action or erred by not ordering the amendment of the Petition.

## STANDARD OF REVIEW

"A *de novo* standard of review applies to a trial court's ruling sustaining the peremptory exceptions of no cause and no right of action." *St. Pierre v. Northrop Grumman Shipbuilding, Inc.*, 12-0545, p. 7 (La. App. 4 Cir. 10/24/12), 102 So. 3d 1003, 1009. "The exceptions of no cause and no right of action both present questions of law; thus, appellate review of those exceptions involves determining whether the trial court was legally correct in sustaining such exceptions." *Id.*

## NO CAUSE/RIGHT OF ACTION

An exception of no cause of action or no right of action is raised by a peremptory exception. La. C.C. art. 927. "The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C. art. 923. "[A]n exception of no right of action . . . determine[s] whether a plaintiff is included in the class of persons to whom the law has granted the cause of action that is asserted in the plaintiff's petition." *S. Louisiana Ethanol L.L.C. v. CHS-SLE Land*, 14-0127, p. 16 (La. App. 4 Cir. 2/4/15), 161 So. 3d 83, 93.

Student Movers alleged that Pocket Billiards had no cause of action because

2

it had no right of action, or no interest to institute the suit.[1]  The trial court agreed. However, the trial court's judgment stated that an exception of no right of action was sustained.  The only exception filed by Student Movers was the exception titled as no cause of action based on the reasoning that Pocket Billiards did not have a right of action.

"Every pleading shall be so construed as to do substantial justice."  La. C.C.P. art. 865.  We are tasked with looking "to the substance of a pleading rather than its caption to determine the pleading's intent."  *Joseph v. Wasserman*, 15-1193, p. 7 n.3 (La. App. 4 Cir. 5/4/16), 194 So. 3d 720, 725.  "Accordingly, it is the substance rather than the caption of a pleading that determines its effect." *Brown v. Harrel*, 98-2931, p. 4 (La. App. 4 Cir. 8/23/00), 774 So. 2d 225, 228.

Student Movers' exception filed with the trial court, while captioned as an exception of no cause of action, clearly alleged that Pocket Billiards "has no right of action, or no interest to institute the suit and therefore brings this peremptory exception pursuant to Code of Civil Procedure Article 927."  As the substance of the exception reveals the intent to allege no right of action, we will examine Pocket Billiard's assignment of error regarding the trial court's judgment as sustaining an exception of no right of action.[2]

Pocket Billiards contends the trial court erred by granting the exception of no right of action because La. R.S. 12:1-1405 permits a dissolved corporation to complete business and commence a proceeding.  We note, again, that Pocket Billiards was a limited liability company.  As such, we look to Louisiana law

---

[1] Both of the exceptions of no cause of action and no right of action are raised by peremptory exceptions and serve the same function of dismissing or defeating the action.  *See* La. C.C.P. art. 923; La. C.C.P. art. 927.

[2] Moreover, La. C.C.P. art. 927(B) provides that the trial court may "notice" a no cause or no right on its own motion.

regarding the dissolution of limited liability companies, as opposed to corporations.

"The formation and operation of limited liability companies in Louisiana is governed by La.R.S. 12:1301, et seq." *In re Cat Island Club, L.L.C.*, 11-1557, p. 4 (La. App. 3 Cir. 5/2/12), 94 So. 3d 75, 78. La. R.S. 12:1334, governing the dissolution of a limited liability company provides:

> Except as provided in the articles of organization or a written operating agreement, a limited liability company is dissolved and its affairs shall be wound up upon the first to occur of the following:
> (1) The occurrence of events specified in writing in the articles of organization or operating agreement.
> (2) The consent of its members in accordance with R.S. 12:1318.
> (3) Repealed by Acts 1997, No. 717, § 2, eff. July 8, 1997.
> (4) Entry of a decree of judicial dissolution under R.S. 12:1335.

Further, a limited liability company may be dissolved by affidavit thusly:

> A. In addition to all other methods of dissolution, if a limited liability company is no longer doing business, owes no debts, and owns no immovable property, it may be dissolved by filing an affidavit with the secretary of state executed by the members or by the organizer, if no membership interests have been issued, attesting to such facts and requesting that the limited liability company be dissolved. Thereafter, the members, or the organizer if no membership interests have been issued, shall be personally liable for any debts or other claims against the limited liability company in proportion to their ownership interest in the company. The secretary of state may prescribe and furnish forms for filing the affidavit.
> B. The secretary of state shall reinstate a limited liability company that has been dissolved pursuant to this Section only upon receipt of an order issued by a court of competent jurisdiction directing him to do so.

La. R.S. 12:1335.1. The members of a dissolved limited liability company may wind-up business as follows:

4

A. Except as otherwise provided in the articles of organization or a written operating agreement, upon dissolution the members shall wind up the limited liability company's affairs. The windup of the limited liability company's affairs may be conducted by appointment of one or more liquidators to conduct the windup and liquidation. However, such appointment shall not be operative until both of the following occur:

(1) Notice of authorization of the dissolution, stating that the limited liability company is to be liquidated out of court and giving the name and post office address of each liquidator, has been published at least once in a newspaper of general circulation in the parish in which the limited liability company's registered office is located, and a copy of such notice, with the affidavit of the publisher of the newspaper to the fact of such publication attached, has been filed with the secretary of state.

(2) Articles of dissolution have been filed with the secretary of state in accordance with R.S. 12:1339.

B. However, any court of competent jurisdiction may wind up the limited liability company's affairs on application of any member or his legal representative or assignee or of any liquidator.

La. R.S. 12:1336. Additionally, Louisiana Revised Statutes provide for the filing

of articles of dissolution:

A. Upon dissolution and the commencement of winding up of the limited liability company:

(1) Articles of dissolution shall be filed in the office of the secretary of state and set forth the following:

(a) The name of the limited liability company.

(b) The date of filing of its articles of organization and all amendments thereto.

(c) The reason for filing the articles of dissolution.

(d) The effective date, which shall be a date certain, of the articles of dissolution if they are not to be effective upon filing.

(e) Any other information which the members or managers filing the certificate determine.

(2) If the notice provided for by R.S. 12:1336(A)(1) has not been published, a notice of authorization of the dissolution, stating that the limited liability company is to be liquidated out of court, shall be published at least once in a newspaper of general circulation in the parish in which the limited liability company's registered office is located. A copy of such notice, with the affidavit of the

5

> publisher of the newspaper attesting to the fact of such publication attached, shall be filed with the secretary of state.
>
> B. (1) The articles of dissolution shall be signed by one or more managers, if management of the limited liability company is vested in one or more managers pursuant to R.S. 12:1312, or one or more members, if management of the limited liability company is reserved to the members, acknowledged by one of the persons executing the articles and filed with the secretary of state, who, after all fees and charges have been paid as required by law, shall record the same in his office and endorse thereon the date of filing thereof with him.
>
> (2) The secretary of state may prescribe and furnish forms for filing the articles of dissolution.

La. R.S. 12:1339.

The record reflects that Pocket Billiards was an inactive limited liability company and filed an Affidavit to Dissolve with the Louisiana Secretary of State on October 22, 2018, prior to filing suit against Student Movers.[3]  Because the dissolution by affidavit was filed prior to filing suit, Pocket Billiards ceased to exist and lacked the capacity to file suit.  *See Show-Me Const., LLC v. Wellington Specialty Ins. Co.*, 11-528, p. 5 (La. App. 5 Cir. 12/29/11), 83 So. 3d 1156, 1159.  Moreover, based on the information contained in the record, none of the statutory guidelines for handling a dissolved limited liability company's final business affairs pursuant to La. R.S. 12:1336 and 1339 were followed.  For example, the statutes provide for the appointment of a liquidator, publishing notice of the dissolution, and filing the articles of dissolution, as outlined in La. R.S. 12:1339, with the Secretary of State.  Accordingly, we do not find the trial court erred by granting Student Movers' Exception of No Right of Action.

### *AMENDMENT*

---

[3] The dissolution of Pocket Billiards via Affidavit to Dissolve was uncontested.

6

Pocket Billiards maintains that the trial court abused its discretion by not providing an opportunity to amend the Petition after sustaining Student Movers' exception to allow for the substitution for the proper plaintiff, Vinh Pham.

"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." La. C.C.P. art. 934. However, "[i]f the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed." *Id*. This Court explained the opportunity to amend as follows:

> While article 934 permits a plaintiff to amend the petition to remove the objection, the decision to permit an amendment is within the sound discretion of the trial court and, therefore, will not be disturbed absent a showing of manifest error or abuse of discretion. *Gates v. Hanover Insurance Co.*, 218 So.2d 648, 652-53 (La.App. 4 Cir.1969). Where a plaintiff may be able to remove the grounds of defendant's peremptory exception so as to properly state a cause of action, he/she should be afforded an opportunity to amend the petition. *Evans v. Detweiler*, 466 So.2d 800, 803 (La.App. 4 Cir.1985). Amendment, however, is not permitted when it would constitute a vain and useless act. *Doe v. Entergy Services, Inc.*, 608 So.2d 684, 687 (La.App. 4 Cir.1992); *Kosak v. Trestman*, 03-1056 (La.App. 4 Cir. 12/3/03), 864 So.2d 214.

*Massiha v. Beahm*, 07-0137, p. 4 (La. App. 4 Cir. 8/15/07), 966 So. 2d 87, 89.

Pocket Billiards asserts that substituting Mr. Pham, "in his capacity as the member in charge of liquidating Pocket Billiards," would remove the grounds of the exception of no right of action. However, neither the Petition for Damages nor the record demonstrates that Pocket Billiards complied with the requirements of La. R.S. 12:1336 and 1339 to appoint a liquidator. The record reflects that Pocket

Billiards simply filed an Affidavit to Dissolve with the Secretary of State. Further, the alleged damages were sustained prior to Pocket Billiards filing the Affidavit to Dissolve. Thus, Pocket Billiards was aware of the damages incurred prior to choosing to dissolve the LLC.

"A member shall have no interest in limited liability company property." La. R.S. 12:1329. "Thus, members of a limited liability company have no right to sue personally for damages to limited liability company property." *Zeigler v. Hous. Auth. of New Orleans*, 12-1168, p. 8 (La. App. 4 Cir. 4/24/13), 118 So. 3d 442, 450 (citing La. R.S. 12:1320(B)). After "[c]onsidering the applicable law," this Court found that "the plaintiff, in his personal capacity, ha[d] no standing to personally sue and recover damages for injury suffered by" the LLC. *Id.*, 12-1168, p. 9, 118 So. 3d at 450.

While there is no jurisprudence specifically on point in regards to a limited liability company dissolved by affidavit, we find this Court's analysis regarding the retroactive reinstatement of a dissolved corporation, in *Leader Buick, GMC Trucks, Inc. v. Weinmann*, 02-2006 (La. App. 4 Cir. 2/19/03), 841 So. 2d 34, instructive. This Court stated

> In the case at bar, the shareholders knew of the claims the corporation had against the defendants when they chose to dissolve the corporation by affidavit. They could have dissolved the corporation through liquidation and preserved their claims but did not do so. As stated by this Court in *Gendusa* and *Robertson*, there is no public policy and no statutory provision to protect a shareholder, in possession of all relevant information concerning his corporation's inchoate claim, from the loss of that right through his own voluntary dissolution of the corporation by affidavit. Likewise, while La. R.S. 12:142.1(B) allows for reinstatement of the corporation after dissolution by affidavit, there is no public policy or statutory provision which permits the reinstatement to be retroactive and grants the revival of the corporation's inchoate claims.

As such, Leader Buick does not have a right of action against the defendants for the breach of the purchase agreement. Leader Buick's claims against the defendants were extinguished when the corporation was dissolved by affidavit. The reinstatement of the corporation did not revive its claims against the defendant. Thus, the trial court correctly maintained the defendants' exception of no right of action.

*Leader Buick*, 02-2006, p. 6, 841 So. 2d at 38. *See also Gendusa v. City of New Orleans*, 93-1527 (La. App. 4 Cir. 2/25/94), 635 So. 2d 1158; *Krebs, Lasalle, Lemieux Consultants, Inc. v. G.E.C., Inc.*, 16-24 (La. App. 5 Cir. 7/27/16), 197 So. 3d 829. Applying this cogent reasoning, we find that permitting the amendment of Pocket Billiards' Petition for Damages would be a vain and useless act. As such, Pocket Billiards was not entitled to leave to amend the Petition for Damages in an effort to cure the defect.

## ***DECREE***

For the above-mentioned reasons, we find that the trial court did nor err by granting Student Movers' Exception of No Right of Action, as Pocket Billiards was voluntarily dissolved by affidavit prior to filing the Petition for Damages. Further, there is no public policy protecting the claims of a limited liability company that chose to avail itself to the provisions of La. R.S. 12:1335.1 prior to filing suit for damages incurred by the limited liability company. Therefore, we do not find that the trial court should have permitted Pocket Billiards an opportunity to amend. The judgment of the trial court is affirmed.

**AFFIRMED**