| RICKER, Judge.
The issue on this appeal is whether shareholders who dissolved their corporation must notify anyone when the shareholders decide to reinstate the corporate status pursuant to La. R.S. 12:142.1(B).
Islander Shipholding, Inc. was incorporated in Louisiana on July 1,1993, with Pacific-Gulf Marine, Inc. as its sole shareholder. On April 2, 1996 Islander sold its primary asset, the vessel M/V SUGAR ISLANDER, to Gulfcoast Transit Company. The sale document stipulated that any disputes would be referred to arbitration. On April 12, 1996 the parties signed a reservation of rights in connection with the sale, reflecting a dispute over whether certain items constituted spare parts or were stores (for which Gulfcoast was required to pay Islander), together with the question of their fair market value. On May 16, 1996 Islander notified Gulfcoast it was demanding arbitration pursuant to the agreement.
Islander ceased doing business after the vessel was sold. On June 16,1996 Islander’s sole shareholder, Pacific-Gulf, executed a consent to liquidation and appointed a liquidator for the corporation. On June 28, 1996 the liquidator filed a certificate of final ^liquidation and applied for dissolution of the *9 corporation pursuant to La. R.S. 12:142.1. The Louisiana Secretary of State issued a eertificate of dissolution on July 1,1996.
Meanwhile, the parties continued to prepare for the arbitration proceedings. Gulf-coast, which was unaware of Islander’s dissolution, filed a separate arbitration demand on August 28, 1996, asserting redhibitory defects in the vessel. An arbitration hearing took place in November 1996. On April 10, 1997 the arbitration panel rendered a partial final award in favor of Islander in the amount of $70,657.75. The arbitrators did not address Gulfcoast’s claim for defects in the vessel, which is still pending. Gulfcoast first learned of Islander’s dissolution on the date the partial final award was rendered.
On May 8,1997 Gulfcoast filed a petition to vacate the arbitration award and to substitute Pacific-Gulf Marine as the real party in interest. Gulfcoast also filed a complaint against Pacific-Gulf in federal court. In both the petition to vacate and the federal complaint, Gulfcoast contended that Islander’s dissolution made Pacific-Gulf personally, liable for any debts or claims of Islander and, further, that all Islander’s rights and causes of action ceased to exist with the corporation’s dissolution.
On May 13, 1997, Pacific-Gulf filed a petition in the state district court to reinstate Islander’s corporate status retroactive to the date of dissolution, on the ground that reinstatement would facilitate the arbitration proceedings. The petition contained no request for service or for notice of the proceeding to any other parties. .On May 13, 1997, the same day the petition was filed, the trial court signed an ex parte order granting the petition and reinstating Islander retroactive to its date of dissolution.
On June 13, 1997 Gulfcoast intervened in the reinstatement proceeding and filed a petition to recall and/or nullify judgment, seeking to annul the order reinstating Islander’s corporate status. Gulfcoast alleged that, although arbitration was pending, Islander/Pa-cifie-Gulf had failed to serve any notice of the dissolution request on Gulfcoast and had failed to disclose the dissolution to either Gulfcoast or the arbitrators. Further, Gulf-coast alleged, Pacific-Gulf officers had attended the arbitration hearing and Upresented evidence on behalf of the nonexistent corporation, but had failed to advise the arbitration panel or Gulfcoast that Islander had been dissolved.
In addition to its petition to recall and/or nullify judgment, Gulfcoast filed exceptions of no right of action and' no cause of action, asserting that Pacific-Gulf lacks a right of action because it failed to comply with the provisions of the Codé of Civil Procedure “regarding the form and process of ex parte proceedings, procedural deficiencies, and lack the right to obtain an ex parte judgment.” Gulfcoast contended Pacific-Gulf has no cause of action because Louisiana corporation law does not allow it to create rights which have been terminated as a consequence of dissolution by affidavit.
At the hearing there was testimony from Peter Johnson, president of both Islander and Pacific-Gulf, and from David Bruce Spizer, the corporate attorney who filed the dissolution proceedings for Islander. Johnson testified he made a business decision to dissolve Islander as its fiscal year drew to a close in June 1996, in an effort to save accounting and bookkeeping expenses. The dissolution had no material effect on the company’s tax liability; it simply eliminated the need to maintain a separate set of books and to file a consolidated return with the parent, Pacific-Gulf.
Spizer testified that when Islander was dissolved on June 28, 1996, it was no longer engaged in business because it had sold the vessel and it had no claims against it because Gulfcoast had not yet advanced its counterclaim. Islander had, however, asserted its claim against Gulfcoast, which was the'original purpose of the arbitration.
Spizer testified that as the corporate lawyer he prepared the necessary documentation for the dissolution. He corroborated Johnson’s claim that the dissolution did not affect the company’s tax liability. Further, he stated, he was unaware of the arbitration proceeding at the time of the dissolution. Spizer confirmed that after the reinstatement Pacific-Gulf deposited in Islander’s *10 bank account sufficient funds to pay any arbitral award in favor of Gulfcoast.
pThe district court rendered judgment denying the exceptions and dismissing the motion to recall judgment and the action for nullity. In oral reasons for judgment, the court stated that reinstatement of a dissolved corporation is an internal corporate act allowable under La. R.S. 12:142.1(B) and Louisiana law does not require that reinstatement of a dissolved corporation be accomplished by a contradictory proceeding. Gulfcoast filed a suspensive appeal.[1]
On appeal Gulfcoast contends that the order granting the petition to reinstate the corporation was an absolute nullity. Appellant further asserts that the trial court committed reversible error and abused its discretion in dismissing intervenor’s petition to recall and/or nullify judgment and in denying the exceptions of no cause of action and no right of action. Gulfcoast raises the following specific issues:
1. Whether a Louisiana corporation’s inchoate rights survive the voluntary dissolution of the corporation under La. Rev.Stat. § 12:142.1, where at the time of dissolution, the corporate affiant knew of the corporation’s existing inchoate rights (including claims by and against the corporation), and yet the corporation still elected to dissolve by affidavit and deliberately avoid the ■ publication and notice requirements involved when a corporation is dissolved by a liquidator?
2. Whether the District Court can reinstate a dissolved Louisiana corporation retroactively to the date of its prior dissolution to allow the corporation to . prosecute and enforce a claim forfeited at dissolution, where for its sole benefit (i.e., income tax reasons) the sole shareholder of the corporation voluntarily dissolved the corporation by affidavit pursuant to La.Rev.Stat. § 12:142.1, and where at the time of dissolution the affiant for corporate dissolution had full knowledge of the corporation’s then existing inchoate rights, causes of action, liabilities, and pending claims involving or against the corporation?
3.Whether the secretive and ex parte submission of Petitioner’s “Petition to Reinstate Corporation,” without notice to Intervenor and submitted during the |5pendency of another legal proceeding where the status and capacity of the dissolved corporation was _ at issue, constitutes an “ill practice” within the meaning of La.Code Civ. Pro. art. 2004 requiring nullification of the District Court’s Order of Reinstatement dated May 13, 1997, by virtue of the rule enunciated in Gendusa v. City of New Orleans, 635 So.2d 1158 (La.App. 4th Cir.1994), holding that a corporation voluntarily dissolved by affidavit under La.Rev.Stat. § 12:142.1 cannot revive its forfeited inchoate rights?
The usual procedure for dissolution of a corporation is through a liquidator. La. R.S. 12:141-142. Under La. R.S. 12:141, a corporation may be dissolved voluntarily by appointment of a liquidator by the shareholders when the proceeding is not subject to court supervision. La. R.S. 12:141(B)(1). The liquidator is vested with all the rights, powers and duties of the corporate officers and directors. La. R.S. 12:141(C). The authority and duties of the officers and directors cease, “except insofar as may be necessary, in the opinion of the liquidator, to preserve the corporate assets, or insofar as they may be continued by the liquidator, or as may be necessary for termination of the proceeding for dissolution.” Id.
However, where a corporation is not doing business and owes no debts, La. R.S. 12:142.1 provides for dissolution by affidavit, as follows:
A. In addition to all other methods of dissolution, if the corporation is not doing business and owes no debts, it may be dissolved by filing an affidavit with the *11 secretary of state executed by the shareholders, or by the incorporator if no shares have been issued, attesting to such facts and requesting that the corporation be dissolved. Thereafter, the shareholders, or the incorporator if no shares have been issued, shall be personally liable for any debts or claims, if any, against the corporation in proportion to their ownership in the shares of the corporation.
B. The secretary of state shall reinstate a corporation which has been dissolved pursuant to this Section only upon receipt of a court order directing him to so reinstate the corporation.
In this case Islander followed both procedures: a liquidator was appointed and the liquidator subsequently filed for dissolution by affidavit.
|6“It is the duty of a corporation’s liquidator to wind up the corporation’s affairs by assembling its assets, paying its debts and the expenses of liquidation, terminating its litigation by prosecuting, defending, or compromising suits, and paying any surplus to the shareholders according to their respective rights and preferences.” Levy v. Billeaud, 443 So.2d 539, 543 (La.1983).
Here, although the liquidator ostensibly determined there were no debts or claims pending against Islander at the time he filed for dissolution, he either was unaware of or ignored the corporation’s claim pending in arbitration.
In Gendusa v. City of New Orleans, 93-1527 (La.App. 4 Cir. 2/25/94), 635 So.2d 1158, 1162, writ denied, 94-1508 (La.9/23/94), 642 So.2d 1296, the fourth circuit interpreted La. R.S. 12:142.1(A)’s clause concerning personal liability of shareholders (“Thereafter, the shareholders, or the incorporator if no shares have been issued, shall be personally liable for any debts or claims, if any, against the' corporation in proportion to their ownership in the shares of the corporation.”) as applying only to debts. The court concluded that a dissolution under the provisions of La. R.S. 12:142.1 terminates any of the corporation’s inchoate claims that may have pre-existed the corporate dissolution:
While the statute provides that shareholders are to assume any fingering corporate debts, there is no provision allowing survival of the corporation’s inchoate claims. Where a corporation has such outstanding claims or obligations, the appropriate method of dissolution is through a voluntary liquidation, with appointment of a liquidator and the orderly collection of claims, .payment of debts and transfer of assets.
The court continued, “The liquidator appointed by a Louisiana court is the proper plaintiff to sue to enforce a right of the corporation.” 635 So.2d at 1163.
Relying on Gendusa, Gulfcoast contends that dissolution of Islander Shipholding terminated its inchoate claim being asserted in the arbitration proceeding, because no liquidator or other proper representative was ever substituted for Islander as complainant. Therefore, Gulfcoast argues, Islander was a dissolved corporation prior to and at the time of the arbitration award and its inchoate claim could not survive its dissolution.
|7We find Gendusa distinguishable. In the Gendusa case the effects of the dissolution were raised as a defense to Gendusa’s claim as creditor on a contract. Here, however, the only question before the trial court was validity of the proceeding for corporate reinstatement. The effect of the dissolution on the arbitration proceedings was not properly before the trial coúrt.
Further, under La. R.S. 12:148, although corporate existence ceases as of the effective date stated in the certificate of dissolution, it continues “for the sole purpose of any action or suit commenced theretofore by, or commenced timely against, the corporation.” La. R.S. 12:148(C). Any movable or immovable property omitted from the' liquidation vests in the liquidator, “for the benefit of the persons entitled thereto,” and is to be distributed accordingly. La. R.S. 12:148(D). After the corporate existence ceases, however, the liquidator still has the power “to take all action required to preserve the interests of the corporation, its creditors and shareholders.” La. R.S. 12:148(E). Termination of a voluntary proceeding for dissolution is effective when the certificate is filed with the Secretary of State and, upon termination, the *12 liquidator is - divested of his powers, which revert to the directors, officers and shareholders. La. R.S. 12:149(C). '
Reviewing the situation before us in light of the legislation and jurisprudence, we find no error in the trial court’s decision. Islander filed its claim in arbitration prior to its dissolution. Pacific-Gulf, as its sole shareholder, was entitled to pursue that claim and did so. The failure of Pacific-Gulf/Islander to notify either the arbitrators or Gulfeoast of the cessation of Islander’s corporate status is of no effect because of Islander’s restoration of its corporate status. The parties have been returned to the status quo existing at the time the arbitration proceeding was instituted. Further, the retroactive restoration of the corporation will preclude Islander from excepting to the fact that Gulfcoast’s claim was filed after the dissolution.
IsAs for the exceptions of no right of action and no cause of action, we find no error in the trial court’s rulings. First, the exception of no cause of action was properly denied because an exception of no cause of action is tried solely on the face of the petition. The petition here states a cause of action for reinstatement of the corporate status.
Nor do we find merit to the exception of no right of action. Pacific-Gulf, as Islander’s sole shareholder, was the proper party to seek reinstatement of the corporation. Absent any statutory prohibition the ground asserted for reinstatement — facilitation of the arbitration proceeding — is valid.
In fact, Gulfcoast’s exceptions actually are objections to the continuing presence of Islander in the arbitration. However, the corporate reinstatement proceeding is not the appropriate forum in which to raise that objection. That issue should instead be determined in the arbitration proceeding itself.
For the foregoing reasons, the judgment is affirmed. Costs are assessed against the appellant.

AFFIRMED.

. In addition to the appeal Gulfcoast filed an application for supervisory writs. We denied the writ application, refusing to exercise our supervisory jurisdiction on the basis that the merits would he presented to us in the appeal. In Re: Islander Shipholding, Inc., No. 97-C-895 (La. App. 5 Cir. 10/6/97).