782 So.2d 38 (2001)
Robert ROBERTSON, Thomas Robertson, Ada Lee Robertson, Individually and as Administratrix of the Estate of Edwin Robertson
v.
Robert WEINMANN, Michael Seago, Suburban Motors, L.L.C.
In re Leader Buick, GMC Truck, Inc.
Nos. 2000-CA-0799, 2000-CA-0800.
Court of Appeal of Louisiana, Fourth Circuit.
February 21, 2001.
*39 John W. Lindner, II and Jacques F. Bezou, Covington, LA, and Burton G. Klein, New Orleans, LA, Counsel for Plaintiff/Appellant.
E. Wade Shows, Carlos A. Romanach, Ronnie J. Berthelot, Shows, Cali & Berthelot, L.L.P., Baton Rouge, LA, Counsel for Defendant/Appellee (Robert W. Weinmann).
Alexander M. McIntyre, Jr., Locke Liddell & Sapp, LLP, New Orleans, LA, Counsel for Defendant (Michael Seago).
Jesse R. Adams, Jr., Adams and Johnston, New Orleans, LA, Counsel for Defendant (Suburban Motor, L.L.C.).
Court composed of Judge KIRBY, Judge LOVE, and Judge GORBATY.
KIRBY, Judge.
Plaintiffs, Robert Robertson, Thomas Robertson, Ada Lee Robertson, Individually and as Administratrix of the Estate of Edwin Robertson appeal a judgment of the Civil District Court for the Parish of Orleans dated October 13, 1999 which: 1) ordered a new trial as to a December 21, 1998 judgment that had retroactively reinstated Leader Buick, GMC Truck, Inc. as an active Louisiana Corporation and deleted from that judgment the retroactivity provision; 2) reinstated its December 18, 1998 ruling granting defendants' exception of No Right of Action and dismissing plaintiffs' suit with prejudice; and, 3) finding that plaintiffs' exception of no right of action filed against defendants intervention and nullity action and defendants' Motion for Summary Judgment related to the nullity action were mooted by its rulings on the first two issues.

STATEMENT OF THE CASE:
On August 6, 1998 the Robertsons filed suit against Robert Weinmann, Michael Seago and Suburban Motors, LLC alleging breach of a purchase agreement of May 13, 1997. That purchase agreement was between Suburban Motors and Leader Buick, GMC Truck, Inc. On August 24, 1998 Leader Buick, GMC Truck, Inc. was dissolved by affidavit pursuant to LSA-RS 12:142.1. The petition was amended on October 5, 1998 to list "Leader Buick, GMC Truck, Inc. In Dissolution" as a party plaintiff. Thereafter, a petition was filed in the Civil District Court on December 21, 1998 seeking to reinstate the corporation pursuant to LSA RS 12:142.1(B) and a judgment was granted reinstating the corporation retroactive to the date of dissolution.
Defendants filed various exceptions which were heard on December 18, 1998. The trial court sustained their exception of no right of action and dismissed plaintiffs' original and amended petitions. Thereafter plaintiffs filed a motion for new trial based upon the retroactive reinstatement of the corporation on December 21, 1998. The defendants then moved to transfer *40 and consolidate the reinstatement suit with the suit for breach of the purchase agreement. On May 28, 1999 the court granted the motion to consolidate and the motion for new trial, thereby rescinding its previous ruling grating the defendants' exception of no right of action. The defendants then intervened in the reinstatement case and filed a petition to annul the Ex Parte Judgment reinstating the corporation. In response plaintiffs filed an exception of no right of action to the intervention. Defendants also filed a Motion for Summary Judgment on the claims raised in their intervention/nullity action.
Three matters were heard on October 6, 1999: Plaintiffs' exception of no right of action to the intervention; Defendants Motion for Summary Judgment and Defendants' original exception of no right of action which had been the subject of the motion for new trial. On October 13, 1999 the court signed a judgment which invalidated the retroactivity of Leader's reinstatement; reinstated its original judgment on the defendants' exception of no cause of action thereby dismissing the petition; and, it held the defendants' motion for summary judgment and plaintiffs exception of no right of action to the intervention nullity action were moot.

ASSIGNMENT OF ERROR:
Plaintiffs assign two errors: 1) The trial court erred in grating defendants exception of no right of action and 2) the trial court erred in finding the reinstatement of the corporation was not retroactive.

DISCUSSION:
We have thoroughly reviewed the record from the Court below and the memoranda submitted by counsel for all parties. We have concluded that the learned trial judged was eminently correct in his judgment and we adopt his reasons for judgment as our own:
* * *
On August 6, 1998, Robert Robertson, Thomas Robertson, Ada Lee Robertson, individually and as Administratrix of the Estate of Edwin Robertson, filed an action against Defendants, Robert Weinmann, Michael Seago, and Suburban Motors, LLC, alleging breach of a Purchase Agreement entered into by and between Leader Buick, GMC Truck, Inc. (as "Seller") and Suburban Motors, LLC (as "Purchaser"). Although their capacity was not alleged, the individuals who filed the original petition apparently were shareholders of Leader Buick, GMC Truck, Inc. On August 25, 1998, the corporation, Leader Buick, GMC Truck, Inc. was dissolved by affidavit in accordance with La. R.S. 12:142.1. Subsequent to the dissolution, on October 5, 1998, the petition was amended to name "Leader Buick, GMC Truck, Inc. In Dissolution" as party plaintiff.
Defendants filed an Exception of No Right of Action asserting that the individual shareholders of Leader Buick, GMC Truck, Inc., did not have the procedural capacity to sue on behalf of the corporation under the original petition, and additionally, that the corporation had no right of action under the amended petition as the corporation was dissolved prior to the date the amended petition was filed. On December 18, 1998, the Court granted the Defendants' Exception of No Right of Action and dismissed the original and amended petitions.
Thereafter, a separate action was field on behalf of the dissolved Leader Buick, GMC Truck, Inc., to have the corporation reinstated in accordance with La. R.S. 12:142.1(B), and the case was duly allotted to Division "L." On December 21, 1998, the matter was presented ex *41 parte to the duty judge who signed a judgment which ordered the Louisiana Secretary of State to "reinstate Leader Buick, GMC Truck, Inc. as an active Louisiana corporation, retroactive to the date of dissolution." The Plaintiffs did not notify the Defendants of the filing of the reinstatement action. Moreover, despite the dictate of Civil District Court Local rule 7 requiring counsel to inform the court of "the pendency of related cases that should be considered for consolidation," the Plaintiffs failed to inform the duty judge of the existence of the breach of contract action field in Division "H," or of this Court's ruling three days prior dismissing the breach of contract action based primarily on the dissolved status of the corporation. On December 21, 1998, the Secretary of State reinstated the corporation "pursuant to the judgement" signed by the duty judge.
On January 12, 1999, the Plaintiffs filed a Motion for a New Trial in this Court requesting reconsideration of the Court's previous ruling which granted the Defendants' Exception of No Right of Action and dismissed Plaintiffs' breach of contract action. Based on the ex parte reinstatement of the corporation, this Court on May 28, 1999 granted the Motion for a New Trial and rescinded its ruling granting Defendants' Exception of No Right of Action, and also granted the Defendants' Motion to Transfer and Consolidate, transferring the action to reinstate the dissolved corporation to this Division, and consolidating it with the earlier action filed by the Plaintiffs for beach of contract. Subsequently, Defendants filed a Petition of Intervention and a Petition to Annul Ex Parte Judgment seeking to have the judgment reinstating the corporation annulled pursuant to La.Code Civ. Pro. art.2004 for fraud or ill practices.
* * *
Notwithstanding the motions and exceptions filed and argued by the parties, the Court, ex proprio motu, may order a new trial to correct a prior judgment. La.Code Civ.Pro. art.1971; McCrea v. Mobil Oil Corporation, 95-0537 (La.App. 4 Cir. 9/28/95); 662 So.2d 143. Accordingly, this Court orders a New Trial with respect to the December 21, 1998 judgment which ordered the Louisiana Secretary of State to "reinstate Leader Buick, GMC Truck, Inc. as an active Louisiana corporation, retroactive to the date of dissolution." Although Article 1971 does not require a contradictory hearing on the issue of whether to grant a new trial when the trial court does so on its own motion, the parties in the present consolidated cases argued the issue of the validity of the December 21, 1998 judgment extensively, both at the May 28, 1999 hearing on Plaintiffs' Motion for New Trial and at the recent hearing of October 6, 1999. See McCrea, 662 So.2d 143. Based on the evidence and argument presented at these hearings, the Court has concluded that a new trial is warranted based on the manner in which Plaintiffs obtained the December 21, 1998 judgment, and the miscarriage of justice that would result if the reinstatement were allowed to remain retroactive so as to revive claims of the corporation which were known at the time of dissolution.
With respect to the validity of the December 21, 1998 judgment, La. R.S. 12:142.1(B) provides for reinstatement of a corporation previously dissolved by affidavit. However, La. R.S. 12:142.1(B) is silent as to whether reinstatement of a corporation under the statute is to be given retroactive effect, and no jurisprudence exists which addresses *42 the issue of the retroactivity.[1]
In contrast, La. R.S. 12:163(E)(2), governing revocation and reinstatement of corporations in instances when corporations have failed to file annual reports, expressly states that reinstatement of a corporation under that particular article "shall be retroactive." In this Court's view, the Legislature could have included the same language concerning retroactivity in 12:142.1(B), but did not do so. In absence of such language, reinstatement under 12:142.1(B) should be given prospective effect only. Furthermore, reinstatement of a corporation dissolved by affidavit should not be given retroactive effect so as to revive the inchoate claims of the corporation. Public policy compels this result in that third parties should be able to rely on a corporate dissolution pursuant to La. R.S. 12:142.1. The Plaintiff shareholders elected to dissolve the corporation by affidavit, rather than by formal liquidation, and as such waived any rights to outstanding claims. Allowing retroactive reinstatement of a corporation formerly dissolved by affidavit would be in direct conflict with the objective of 12:142.1, as articulated in Gendusa v. City of New Orleans, 93-1527 (La.App. 4 Cir. 2/25/94); 635 So.2d 1158. In Gendusa, the Fourth Circuit analyzed the statute as follows:
This provision was added in 1982 to provide a means of avoiding the costs and delays of a formal liquidation, but is limited in its application to corporations no longer doing business. While the statute provides that shareholders are to assume any lingering corporate debts, there is no provision allowing survival of the corporation's inchoate claims. Where a corporation has such outstanding claims or obligations, the appropriate method of dissolution is through voluntary liquidations, with appointment of a liquidator and the orderly collection of claims, payment of debts and transfer of assets.

Id. at 1162.
The record clearly indicates that the corporation's claims against the present Defendants were known at the time the corporation was dissolved. In fact, the breach of contract action against the Defendants was instituted by the individual Plaintiffs on August 6, 1998, prior to the corporation's dissolution. The original petition named the individuals, Robert Robertson, Thomas Robertson, and Ada Lee Robertson, individually and as Administratrix of the Estate of Edwin Robertson, as Plaintiffs. These individuals were not parties to the disputed Purchase Agreement. The agreement was entered into by the corporation, Leader Buick, GMC Truck, Inc. Furthermore, individual shareholders do not have the right to bring such an action on behalf of a corporation. See Lambert v. Maryland Casualty Company, 403 So.2d 739 (La.App. 4 Cir. 1981), judgment affirmed, 418 So.2d 553 (La.1982). Therefore, the individuals names as Plaintiffs in the original petition did not have the capacity to sue on behalf of the corporation.
Despite their knowledge of the claims against the Defendants, the shareholders *43 chose to dissolve the corporation by affidavit on August 25, 1998. The Fourth Circuit stated in Gendusa:

Survival of creditors' claims against a dissolved corporation arises from the public policy that protects the interest of corporate creditors in corporate assets even beyond dissolution. There is no correlative public policy and no statutory provision to protect a sole shareholder, in possession of all relevant information concerning his corporation's inchoate claims for the loss of that right though his own voluntary dissolution of the corporation by affidavit.

Gendusa, 635 So.2d at 1163.
After the corporation's dissolution, the petition was amended on October 5, 1998 to name the dissolved corporation as Plaintiff. Following dissolution of the corporation by affidavit, neither the individual shareholders nor the dissolved corporation possessed the right to bring an action for the inchoate claims of the corporation. Id. Although the corporation was subsequently reinstated, the provision in the judgment dated December 21, 1998 declaring that reinstatement be "retroactive to the date of dissolution" was contrary to law and erroneous, and has therefore been vacated.
Based on the foregoing reasons, a new trial has been ordered with respect to the judgment of December 21, 1998 reinstating Leader Buick, GMC Truck, Inc. as an active Louisiana corporation, and the judgment has been amended to delete the portion which states that reinstatement be "retroactive to the date of dissolution." Consequently, this Court's prior ruling has been reinstated, to-wit the prior ruling which granted the Defendants' Exception of No Right of Action and dismissed the original and amended petitions for breach of contract. The claims of the Plaintiffs, Robert Robertson, Thomas Robertson, Ada Lee Robertson, individually and as Administratrix of the Estate of Edwin Robertson, and Leader Buick, GMC Truck, Inc., have been dismissed with prejudice.
Although in open court on October 6, 1999, the Court denied the Plaintiffs' Exception of No Right of Action related to Defendants' intervention and nullity action, based on the Judgment and Reasons for Judgment issued this day, resolution of the Plaintiffs' exception has been rendered moot. Likewise, the Defendants' Motion for Summary Judgment related to their nullity action is moot.
For the above and foregoing reasons the judgment of the court below is affirmed.
AFFIRMED.
NOTES
[1] The legislative history reveals that La. R.S. 12:142.1(B), which allows reinstatement of a corporation formerly dissolved by affidavit, was an attempt by the Legislature to avoid "a situation whereby a corporation was dissolved and realized that it was till holding land but, because of the dissolution, it could not sell the land." In re Reinstatement of North Louisiana Well Servicing Co., Inc., 597 So.2d 160, 162 (La.App. 2 Cir.1992). This rationale is consistent with the public policy against taking immoveable property out of commerce. The Court notes that such a situation is not present in the case at hand.