CHEHARDY, C.J.
| jS&D Roofing, LLC appeals the 24th Judicial District Court’s January 19, 2016 judgment prospectively reinstating its limited liability status. For the reasons that follow, we affirm this judgment of the district court.
FACTS AND PROCEDURAL HISTORY
On November 21, 2005, Shane Dufrene and David Cain filed articles of organization with the Louisiana Secretary of State, forming S&D Roofing, LLC (“S&D”). Mr. Dufrene and Mr. Cain were the sole members and registered agents of this limited liability company.
In November 2006, S&D contracted with 9029 Jefferson Highway, LLC (“Jefferson”) to provide roofing services. On November 24, 2009, Jefferson filed a petition for breach of contract against S&D in the First Parish Court of Jefferson (No. 149-936). Mr. Cain received service of this petition on January 7, 2010; Mr. Dufrene was never personally served with this petition. On April 16, 2010, Jefferson obtained a default judgment against S&D in the amount of $15,000.00. Notice of the signing of judgment was mailed by the clerk of court on April 23, 2010, but Mr. Cain and Mr. Dufrene never received service of this default judgment.
On November 30, 2010, an affidavit executed by Mr. Cain and Mr. Dufrene was filed with the Louisiana Secretary of State to dissolve the limited liability status of S&D pursuant to La. R.S. 12:1335.1. In the affidavit, Mr. Cain and Mr. Dufrene attest *179 ed that S&D was no longer doing business, owed no debts, and was thereby dissolved.
On July 8, 2011, Jefferson, having obtained the default judgment against S&D, filed a motion to seize the personal property of its members. Mr. Cain and Mr. Du-frene claim they first learned of the default judgment against S&D when they were served with this motion to seize. So, on August 18, 2011, Mr. Cain and |aMr. Dufrene filed a motion for new trial, alleging that the default judgment was contrary to law due to defective - service. At the hearing on this motion on December 12, 2011, the court found that S&D had not been served with notice of the default judgment and continued the matter to give Jefferson an opportunity to cure the defective notice. Another notice of the default judgment was issued by the clerk of court on June 11, 2012, of which Mr. Dufrene and Mr. Cain received service on June 14, 2012 and July 18,2012, respectively. Meanwhile, a tortured procedural history regarding the motion for new trial ensued,[1] during which Mr. Cain and Mr. Dufrene filed a “Petition to Reinstate S&D Roofing, LLC” in the 24th Judicial District Court on December 24, 2015. In this petition, they contended that service of the April 16, 2010 default judgment had not been perfected due to the LLC’s dissolved status. They argued that to perfect service, the limited liability status of S&D must be reinstated retroactively to November 30, 2010, the date of dissolution. They also argued that retroactive reinstatement was necessary to facilitate proper legal representation of the LLC.
Following a hearing on January 12, 2016, the district court ordered reinstatement of the LLC prospectively from the date-of the signing of the judgment, which followed on January 19, 2016. In declining to reinstate the LLC retroactively, the court relied on the analogous case of Robertson v. Weinmann, 00-0799 (La.App. 4 Cir. 2/21/01), 782 So.2d 38, 42, which held that,- in the context of corporations, because the law does not explicitly permit retroactive reinstatement, reinstatement of a corporation must be given prospective effect only. The court also based its ruling on the public policy concern “that third parties should be able to rely on ... a limited liability company’s dissolution.” S&D was granted a suspensive appeal from this ruling.
JjDICUSSION
In its sole assignment of error, S&D contends that the district court erred in reinstating its limited liability status with prospective effect only. Its reinstatement should be given retroactive effect, S&D argues, because it is necessary to perfect service of the notice of the default judgment on S&D and it is necessary to facilitate proper legal representation of S&D.
As the facts in this matter are not in dispute and the issue is purely one of legal interpretation, we review this matter de novo, without deference to the legal conclusions of the courts below. See Turner v. Willis Knighton Med. Ctr., 12-0703 (La. 12/04/12), 108 So.3d 60, 62.
We begin our review with the statute governing the reinstatement of limited liability companies previously dissolved by affidavit, La. R.S. 12:1335.1, which provides:
A. In addition to all other methods of dissolution, if a limited liability company is no longer doing business and owes no *180 debts, it may be dissolved by filing an affidavit with the secretary of state executed by the members or by the organizer, if no membership interests have been issued, attesting to such facts and requesting that the limited liability company be dissolved. Thereafter, the members, or the organizer if no membership interests have been issued, shall be personally liable for any debts or other claims against the limited liability company in proportion to their ownership interest in the company.
B. The secretary of state shall reinstate a limited liability company that has been dissolved pursuant to this Section only upon receipt of an order issued by a court of competent jurisdiction directing him to do so.
While this statute provides for reinstatement of a limited liability company previously dissolved by affidavit, it is silent as to whether that reinstatement is to be given retroactive effect and Louisiana courts have not directly addressed this issue.[2]
UWithout guidance from the jurisprudence, we first consider La. R.S. 12:1335.1 in its broader context of the chapter governing limited liability companies: Chapter 22 of Title 12 of the Louisiana Revised Statutes. In this context, we observe that La. R.S. 12:1335.1’s silence on the matter of retroactivity appears intentional. Chapter 22 delineates several scenarios in which retroactive effect is accorded LLCs; reinstatement under La. R.S. 12:1335.1 is not one of them. For instance, La. R.S. 12:1308.2(0 permits the reinstatement of an LLC’s articles of organization that had been revoked for the LLC’s failure to file an annual report for three consecutive years. This statute expressly provides that this reinstatement “shall be retroactive.” Similarly, La. R.S. 12:1363(E)(2), which permits the reinstatement of an LLC’s articles of organization that had been, revoked for the LLC’s failure to designate and maintain a registered office or to designate and maintain a registered agent for ninety consecutive days, also expressly provides that this reinstatement “shall be retroactive.”
Additionally, in cases when immovable property is acquired by person(s) acting in any capacity for and in the name of an LLC which has not been issued a certificate of organization but is subsequently issued such certificate, “the limited liability company’s existence shall he retroactive to the date of acquisition of an interest in such immovable property.” La. R.S. 12:1310.1 (Emphasis added). This statute further limits the effect of this retroactivity: “but such retroactive effect shall be without prejudice to lights validly acquired by third persons in the interim between the date of acquisition and the date that the limited liability company was issued the certificate of organization.”
By contrast, La. R.S. 12:1335.1 permits reinstatement but is silent on the matter of retroactivity. Under such circumstances, well-settled principles of ^statutory construction dictate this silence is a deliberate legislative decision, suggesting that the legislature did not intend for reinstate *181 ment of limited liability companies under La. R.S. 12:1335.1 to be given retroactive effect. See, e.g., Theriot v. Midland Risk Ins. Co., 95-2895 (La. 05/20/97), 694 So.2d 184, 187 (“[W]hen the legislature specifically enumerates a series of things, the legislature’s omission of other items, which could have been easily included in the statute, is deemed intentional.”).
Due to the dearth of jurisprudence on this matter, we seek further guidance from case law addressing the analogous matter of reinstatement of corporations previously dissolved by affidavit. These cases interpret former La. R.S. 12:142.1,[3] which, in near identical language to La. R.S. 12:1335.1, provided:-
A. In addition to all other methods of dissolution, if the-corporation is not doing business, owes no debts, and owns no immovable property, it may be dissolved by filing an affidavit with the secretary of state executed by the shareholders, or by the incorporator if no shares have- been issued, attesting to such facts and requesting that the' corporation be dissolved. Thereafter, the shareholders, or the incorporator if no shares have been issued, shall be personally liable for any debts or claims, if any, against the corporation in proportion to their ownership in the shares of the corporation.
B. The secretary of state shall reinstate a corporation which has been dissolved pursuant to this Section only upon receipt of a court order directing him to so reinstate the corporation.
Similar to our analysis of La. R.S. 12:1335.1 above, the Fourth Circuit construed La. R.S. 12:142.1 in the broader context of . the articles governing corporations and concluded that it does not permit retroactive reinstatement of a dissolved corporation. See Robertson v. Weinmann, supra. There, the shareholders of a seller corporation filed suit against a buyer alleging breach of a purchase agreement. Id., 782 So.2d. at 42. The corporation was thereafter | f,dissolved by affidavit in accordance with La. R.S. 12:142.1. Id. The petition was then amended to name the corporation in dissolution as party plaintiff. Id. The buyer pleaded the peremptory exception of no right of action, arguing that the shareholders of the corporation had no right of action to sue on behalf of the corporation in the original petition, and that the corporation had no right of action in the amended petition after its.dissolution. Id. The trial court granted the exception and dismissed both petitions. Id.
Shareholders of the dissolved corporation thereafter filed a petition to reinstate corporate status retroactive to the date of dissolution, which the trial court granted in an ex parte judgment. Robertson, supra at 40-41. The court then reversed itself on the granting of a motion for new trial, concluding that retroactive reinstatement was improper. Id. at 41-43. The trial court’s reasoning for its conclusion was adopted by the Fourth Circuit in affirming the judgment on appeal:
La. R.S. 12:142.1(B) provides for reinstatement of a corporation previously *182 dissolved by affidavit. However, La. R.S. 12:142.1(B) is silent as to whether reinstatement of a corporation under the statute is to be given retroactive effect, and no jurisprudence exists which addresses the issue of the retroactivity.
In contrast, La. R.S. 12:163(E)(2), governing revocation and reinstatement of corporations in instances when corporations have failed to file annual reports, expressly states that reinstatement of a corporation under that particular article “shall be retroactive.” In this Court’s view, the Legislature could have included the same language concerning retro-activity in 12:142.1(B), but did not do so. In absence of such language, reinstatement under 12:142.1(B) should be given prospective effect only. Furthermore, reinstatement of a corporation dissolved by affidavit should not be given retroactive effect so as to revive the inchoate claims of the corporation. Public policy compels this result in that third parties should be able to rely on a corporate dissolution pursuant to La. R.S. 12:142.1. The Plaintiff shareholders elected to dissolve the corporation by affidavit; rather than by formal liquidation,- and as such waived any rights to outstanding claims.
Id. at 41-42.
Other Louisiana circuits considering reinstatement of dissolved corporations have permitted reinstatement with retroactive effect, but' primarily grounded their |7decisions in considerations of public policy, rather than statutory construction. For instance, the First Circuit has found that retroactive reinstatement of a corporation dissolved by affidavit is proper when the corporate status is reinstated for the purpose of prosecuting a lawsuit that the corporation had instituted before dissolution. See In re Reinstatement of Venture Assocs., 04-0439 (La.App. 1 Cir. 2/11/05), 906 So.2d 498. In Venture, a lawsuit instituted by the corporation was pending at the time its two shareholders dissolved the corporation by affidavit. Id. at 499. After the defendants in the lawsuit learned of the dissolution, they pled the exception of no right of action which the trial court granted. Id. The shareholders then sought retroactive reinstatement of the corporation which the trial court granted. Id. On appeal from the judgment granting retroactive reinstatement, the First Circuit vacated the order of reinstatement and remanded the case for an evidentiary hearing on the propriety of the retroactive reinstatement. See In re Reinstatement of Venture Assocs., 00-0711 (La.App. 1 Cir. 05/11/01), 808 So.2d 650, 655. After the evidentiary hearing on remand, the trial court granted reinstatement retroactive to the date of dissolution, making special note of the fact that the shareholders did not appear to be seeking to avoid personal liability, but only intended to maintain the lawsuit that had begun several years prior to the dissolution. Venture, 906 So.2d at 500. The defendants appealed this judgment.
On the second appeal, the First Circuit affirmed, finding that the trial court did not err in reinstating corporate status retroactively to the date of dissolution. Venture, 906 So.2d at 503. In reaching this conclusion, the court first approved “the desire to maintain a pending lawsuit in a corporation’s name [as] a valid and lawful purpose for ordering the reinstatement of a corporation.” Id. at 501. The court offered several reasons for this:
[T]he pending lawsuit is not one that was filed against [the corporation], but rather was brought by [it;] the pending lawsuit does not involve [the corporation’s] shareholders as named party lsplaintiffs[;] the lawsuit has not resulted in any money judgments to this date[; and] [the corporation] has no apparent *183 corporate creditors that are protesting the reinstatement of its corporate status.
Id. at 501 (Emphasis original).
The court then approved the retroactive effect of the reinstatement because “the shareholders were not only aware of the existing claims against [the defendants] before the corporation was dissolved by affidavit, but the corporation actually filed a lawsuit, preserving and maintaining the claims, before the dissolution.” Venture, 906 So.2d at 502 (Emphasis original). The court also found the retroactive reinstatement was supported by several seemingly inapposite liquidation statutes, which provided that corporate existence ceases as of the effective date of the certificate of dissolution completed by the liquidator, “except for the sole purpose of any action or suit commenced theretofore by, or commenced timely against, the corporation.” Venture, 906 So.2d at 502 (quoting La. R.S. 12:148(C)[4]). Accordingly, the eourt found that retroactive effect was proper to allow shareholders, as legal representatives of the corporation, to prosecute, defend, and terminate any pending litigation for the dissolved corporation. See id. at 503. The court concluded:
[Although [the corporation’s] right of action may have ended when the corporation was dissolved by affidavit, the cause of action against the [defendants] survived because the lawsuit was pending prior to the effective date of the dissolution. One of two things must happen in order to maintain the [lawsuit] originally brought by [the corporation] against the [defendants]. Either the proper party plaintiff must be substituted in the [lawsuit] ..., or [the corporation’s] corporate status must be retroactively reinstated so that [the corporation] can maintain the lawsuit.

Id.

This Court has also approved the retroactive reinstatement of a dissolved corporation, but under unique circumstances when the corporation was dissolved through both the liquidation process and by affidavit. See In re Islander Shipholding, 97-978 (La.App. 5 Cir. 04/15/98), 715 So.2d 7. In Islander, the seller corporation instituted arbitration proceedings to resolve a contract dispute with the buyer. Id. at 8. While these proceedings were pending, unbeknownst to the buyer, the sole shareholder of the corporation instituted the liquidation process in accordance with La. R.S. 12:142.[5] The appointed liquidator, who either ignored or was unaware that the corporation had a claim pending in arbitration, filed for dissolution by affidavit. Id. at 11. After the arbitration resulted in a partial final award in favor of the dissolved corporation and the buyer learned of the dissolution, the buyer sought to vacate the arbitration award, arguing that the corporation’s rights and causes of actions ceased to exist with its dissolution. Id. at 9. The shareholder filed a petition to reinstate the corporate status retroactive to the date of dissolution which the trial court granted ex parte. Id. The buyer intervened in the reinstatement proceeding seeking to have the ex parte judgment recalled or declared a nullity. Id. The trial court denied relief and the buyer appealed. Id. at 10. This Court affirmed, holding that “facilitation of the arbitration proceeding” was a valid ground for reinstatement. Id. at 12. This Court further approved the retroactive effect, relying on the liquidation statute that provided that “although corporate existence ceases as of the effective date stated in the certificate *184 of dissolution, it continues ‘for the sole purpose of any action or suit commenced theretofore by, or commenced timely against, the corporation.’ ” Id. at 11 (quoting La. R.S. 12:148(C)[6]).
Additionally, this Court has suggested, without commenting on the issue of retro-activity, that while reinstatement may be permissible for resolving pending litigation, reinstatement does not operate to shield shareholders from personal liability. See Airline Skate Ctr., Inc. v. Lockett, 99-525 (La.App. 5 Cir. 12/21/99), 759 So.2d 813, writ denied, 00-1210 (La. 6/2/00), 763 So.2d 606. In Airline, a hnlawsuit against the corporation resulted in a consent judgment holding the corporation liable. Id. at 814. At a subsequent judgment debtor rule, it was discovered that the corporation had been dissolved by affidavit after the consent judgment. Id. Consequently, the shareholders were then sued in their personal capacities for the corporation’s debts. Id. The corporation was thereafter reinstated by court order, which did not specify whether the reinstatement was retroactive or not. Id. at 815. Both parties moved for summary judgment. Id. at 814. The trial court granted summary judgment in favor of the plaintiff, casting the shareholders in judgment. Id. This Court affirmed on appeal. Id. at 815-16. While the issue was not whether reinstatement was proper, this Court explained that the reinstatement did not shield the shareholders from personal liability:
[The shareholders] dissolved the corporation without appointing a liquidator knowing a debt., .existed. They subsequently reinstated the corporation after suit was filed to hold them personally responsible. We find no error in the trial court’s finding that the dissolution and reinstatement of the corporation does not preclude personal' liability of the shareholders of the corporation.
Id. at 816.
Similarly, the Third Circuit, also not addressing the issue of retroactivity, has held that while resolution of pending litigation is a valid purpose for reinstating a dissolved corporation, it does not operate to shield shareholders from personal liability. See Butcher v. Keith Hebert Carpentry /Vinyl Siding, Inc., 06-672 (La.App. 3 Cir. 12/20/06), 945 So.2d 914, 917-18. In Butcher, at the time the corporation was dissolved by affidavit, a suit against the corporation and the corporation’s recon-ventional demand were pending. Id. at 915. After the dissolution, the petition was amended to add the corporation’s sole shareholder as a defendant in his personal capacity. Id. The shareholder moved to reinstate the corporate status, which the trial court denied, and the shareholder sought supervisory review. Id. In a published writ disposition, the Third Circuit reversed Inthe trial court, finding “that because the request for reinstatement was for the purpose of resolving pending litigation instituted before dissolution, the purpose for seeking reinstatement was valid, and the trial court erred in denying the reinstatement of corporate status in this case.” Id. at 917. The court emphasized, however, that it did “not find that the reinstatement will absolve [the shareholder] of any personal liability that may ultimately be imposed on the Corporation.” Id. at 918. The court found:
“the Louisiana Business Corporation Law (LBCL) does not absolve a shareholder or incorporator, who has voluntarily dissolved a corporation by affidavit, of the personal liability for subsequent debts arising out of those claims brought against the entity, or *185 which could have been brought against it, prior to its dissolution.”
Id. at 917-18.
As the foregoing makes clear, in the absence of express statutory guidance on the matter of retroactive reinstatement of corporations dissolved by affidavit, Louisiana courts have primarily resorted to considerations of public policy in determining whether reinstatement is proper and whether it should be given retroactive effect. Placing particular emphasis on what shareholders knew prior to dissolution and for what purpose dissolution and reinstatement are being pursued, the courts’ decisions demonstrate that these are fact-intensive inquiries, where the result is often determined by the unique circumstances of each case. Nonetheless apparent throughout the varying facts and circumstances of these cases is the principle that reinstatement, retroactive or not, cannot operate to shield shareholders from personal liability.
Although these cases dealt with corporations, we nonetheless find them instructive in the present case because former La. R.S. 12:142.1 and La. R.S. 12:1335.1 are nearly identical in structure and are both silent on the issue of retroactivity. Accordingly, we find the public policy concerns weighed by the courts in the context of corporations are equally applicable in the context of limited | pliability companies. We now turn to the case at hand with these considerations in mind.
S&D was sued by Jefferson on November 24, 2009. Mr. Cain, one of S&D’s registered agents, received service of the petition on January 7, 2010 in accordance with La. C.C.P. art. 1266(A). This resulted in a default judgment on April 16, 2010, service of which was not perfected on S&D prior to its dissolution, but which was ultimately perfected on Mr. Cain and Mr. Dufrene in 2012.
It is clear that at the time Mr. Cain and Mr. Dufrene dissolved S&D by affidavit in November 2010, Mr. Cain was aware that a lawsuit was pending against S&D. This lawsuit ended in a default judgment, and there is no pending litigation to resolve. Mr. Cain and Mr. Dufrene contend that S&D should be reinstated retroactively so as to perfect service of the April 16, 2010 default judgment on S&D and to facilitate proper legal representation of S&D.
Service of the default judgment on S&D became unnecessary when Mr. Cain and Mr. Dufrene dissolved S&D in 2010, thereby exposing themselves to personal liability “for any debts or other claims against” the LLC in accordance with La. R.S. 12:1335.1(A). They were personally served in 2012.
As for the legal representation of S&D, Mr. Cain and Mr. Dufrene have not articulated a reason why that representation is only adequately facilitated by retroactive reinstatement. Nor do we find one. Rather, it seems that legal representation of S&D is adequately facilitated by the prospective reinstatement of its limited liability status. Therefore, under these circumstances, it is apparent that the only purpose retroactive reinstatement of S&D’s limited liability status could serve would be to shield Mr. Cain and Mr. Dufrene from personal liability.
Without statutory authority permitting retroactive reinstatement, and with public policy considerations disfavoring it in this case, we find no error in the [^district court’s January 19, 2016 judgment reinstating the limited liability status of S&D Roofing, LLC with prospective effect only.
This assignment of error is without merit.
*186 DECREE
For the foregoing reasons, the district court’s judgment of January 19, 2016 is affirmed.
AFFIRMED

. See 9029 Jefferson Highway, L.L.C. v. S & D Roofing, L.L.C., 13-588 (La.App. 5 Cir, 2/26/14), 136 So.3d 313; 9029 Jefferson Highway, L.L.C. v. S & D Roofing, L.L.C., 15-686 (La.App. 5 Cir. 2/24/16), 187 So.3d 522; 9029 Jefferson Highway, L.L.C. v. S & D Roofing, L.L.C., 16-166 (La.App. 5 Cir 4/7/16) (unpublished writ decision).

. This Court has reversed a trial court's retroactive reinstatement of an LLC, but on procedural grounds only. See In re Reinstatement of Southern Labor Servs., L.L.C., 13-775 (La.App, 5 Cir. 05/14/14), 142 So.3d 60. Finding that “evidence needs to be presented in order to have a limited liability company reinstated,’’ this Court ruled that "[bjecause the trial court reinstated [the LLC] retroactively to the date of dissolution without considering documentation properly admitted into evidence, we hold there was no basis presented to the court for the reinstatement,” Id, at 63. The trial court's judgment was vacated and the matter remanded for an evidentiary hearing. Id. at 64.

. La. R.S. 12:142.1 was repealed by Acts 2014, No. 328, § 5, eff. Jan. 1, 2015. Under current corporation law, enacted by Acts 2014, No. 328, § 1, La, R.S. 12:1-1404 permits a voluntarily dissolved corporation that is not terminated to revoke its dissolution within 120 days of the effective date of the dissolution. Although this statute provides that the revocation of dissolution is to be accorded retroactive effect, see La. R.S. 12:1-1404(E), the statute indicates that revocation may only be obtained within 120 days of the dissolution. We acknowledge this law does not govern our inquiry here, but choose to note that Mr. Cain and Mr. Dufrene seek reinstatement of the LLC more than five years after its dissolution.

. La. R.S. 12:148 was repealed by Acts 2014, No. 328, § 5, eff. Jan. 1, 2015.

. La. R.S. 12:142 was repealed by Acts 2014, No. 328, § 5, eff. Jan. 1, 2015.

. See n.4, supra.