| CAMBRIE CELESTE, LLC AND CAMBRIE CELESTE COMMERCIAL TENANT, LLC | * | NO. 2019-CA-0401 |
|---|---|---|
| | * | |
| | | COURT OF APPEAL |
| VERSUS | * | |
| | | FOURTH CIRCUIT |
| STARBOARD MANAGEMENT, LLC, F.I.N.S. CONSTRUCTION, LLC, CAMBRIE CELESTE DEVELOPER, LLC, ROBERT ARMBRUSTER AND NICOLE ARMBRUSTER | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2012-01997, DIVISION "F"
Honorable Christopher J. Bruno, Judge
* * * * * *

**Judge Roland L. Belsome**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Paula A. Brown)


Julie U. Quinn
Justin E. Alsterberg
QUINN ALSTERBERG, LLC
855 Baronne Street
New Orleans, LA 70113

      COUNSEL FOR PLAINTIFF/APPELLEE


Fred L. Herman
Jacob D. Young
Meredith E. Chehardy
CHEHARDY SHERMAN WILLIAMS
One Galleria Boulevard
Suite 1100
Metairie, LA 70001

      COUNSEL FOR DEFENDANT/APPELLANT

                                **AFFIRMED**
                                **December 4, 2019**

This appeal stems from an eviction and subsequent damages judgment rendered against Starboard Management Company, LLC, as a result of its failure to pay rent. On appeal, Defendants and owners of Starboard, Robert and Nicole Armbruster, seek review of the trial court's judgment finding them personally liable for the damages judgment against Starboard. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On March 1, 2012, Plaintiffs, Cambrie Celeste LLC and Cambrie Celeste Commercial Tenant, LLC (CCCT), filed a Petition for Eviction and for Damages for Breach of Lease against numerous defendants: Starboard, Robert and Nicole Armbruster, F.I.N.S Construction, LLC, and Cambrie Celeste Developer, LLC. In response, Defendants filed an answer and reconventional demand. In October of 2013, the trial court ultimately rendered a judgment evicting Starboard and placing Plaintiffs in possession of the leased property located at 621 Celeste Street, in New Orleans.

1

After a contempt hearing was held as a result of Starboard's repeated failure to provide discovery responses, the trial court dismissed Starboard's affirmative defenses and prohibited it from raising any new affirmative defenses. Later, on November 14, 2014, Plaintiffs filed a motion for summary judgment as to damages. In response, Starboard filed a motion for reconsideration or reinstatement of its affirmative defenses and reconventional demand. In addition, on December 24, 2014, Robert Armbruster signed an affidavit to dissolve Starboard. It was filed with the Louisiana Secretary of State's office on December 29, 2014.

Following a hearing on July 27, 2016, the trial court denied Starboard's motion for rehearing on the affirmative defenses as untimely and rendered summary judgment in favor of the Plaintiffs in the amount of $1,614,941.69 against all Defendants.[1] The Defendants filed a suspensive appeal.

During the pendency of the appeal, Starboard file a petition for bankruptcy in U.S. Bankruptcy Court for the Eastern District of Louisiana.[2] On December 16, 2016, Starboard filed a motion to reinstate in order to proceed in bankruptcy court. On January 13, 2017, the court issued an order to reinstate Starboard; however, it was not filed with the Secretary of State at that time.

On November 6, 2017, this Court upheld the damages judgment against Starboard but reversed the judgment as to all other defendants since Starboard was

_____

[1] The hearing on the motion for summary judgment was delayed due to the parties' agreement to stay the case while they attempted to settle their various legal disputes.
[2] This case was automatically stayed pending the resolution of the bankruptcy case.

the only defendant prohibited from using its affirmative defenses.[3] Then, on

December 7, 2018, Plaintiffs filed a motion to enforce personal liability against

Defendants, Robert and Nicole Armbruster, for Starboard's debts in connection

with the damages judgment, pursuant to La. R.S. 12:1335.1.

In response, on January 17, 2019, Starboard submitted the bankruptcy

court's reinstatement order to the Secretary of State's office. On the same day, the

Louisiana Secretary of State reinstated Starboard.[4] After a hearing on February 8,

2019, the trial court granted the Plaintiffs' motion to enforce personal liability

against the Armbrusters for Starboard's July 26, 2016 damages judgment. This

appeal followed.[5] The February 8, 2019 judgment was later amended pursuant to

this Court's order to include the proper decretal language.

## STANDARD OF REVIEW

As the facts in this matter are not in dispute and the issue is purely one of

statutory interpretation, we review this matter *de novo*, without deference to the

legal conclusions of the courts below. *Turner v. Willis Knighton Med. Ctr.*, 12-

0703, p. 4 (La. 12/04/12), 108 So.3d 60, 62 (citation omitted).

## DISCUSSION

On appeal, the Armbrusters assert that the trial court erred in finding them

personally liable for the damages judgment rendered against Starboard. They raise

---

[3] *Cambrie Celeste LLC v. Starboard Mgmt., LLC*, 16-1318, p. 19 (La. App. 4 Cir. 11/6/17), 231 So.3d 79, 89, *writ denied*, 17-2041 (La. 2/2/18), 235 So.3d 1110.
[4] The trial court relied on the Secretary of State's certificate in finding there was an additional dissolution. While the Armbrusters dispute this fact, there is no evidence to suggest the trial court's determination was manifestly erroneous. Nevertheless, this issue is not material to the determinations made in this appeal.
[5] While the Armbrusters caption their appeal brief as an application for supervisory writ of review, the record reflects that they filed a motion for a devolutive appeal.

two issues: 1) the trial court erred in enforcing personal liability against them, pursuant to La. R.S. 12:1335.1, and 2) the motion to enforce personal liability was procedurally improper.

## PERSONAL LIABILITY

First, the Armbrusters claim that the trial court erred in holding that they were personally liable for the damages judgment. We disagree.

La. R.S. 12:1335.1 states:

A. In addition to all other methods of dissolution, **if a limited liability company is no longer doing business, owes no debts, and owns no immovable property, it may be dissolved by filing an affidavit with the secretary of state executed by the members** or by the organizer, if no membership interests have been issued, **attesting to such facts and requesting that the limited liability company be dissolved. Thereafter, the members, or the organizer if no membership interests have been issued, shall be personally liable for any debts or other claims against the limited liability company in proportion to their ownership interest in the company.** The secretary of state may prescribe and furnish forms for filing the affidavit.

B. **The secretary of state shall reinstate a limited liability company that has been dissolved pursuant to this Section only upon receipt of an order issued by a court of competent jurisdiction directing him to do so.** (Emphasis supplied).

In this case, Starboard was properly served with the petition for eviction and damages on March 15, 2012. Later, on December 29, 2014, Starboard was dissolved by affidavit, pursuant to La. R.S. 12:1335.1, during the pendency of the motion for summary judgment on damages. In the affidavit, Mr. Armbruster declared that Starboard was no longer doing business, owed no debts, and was dissolved. Despite dissolving Starboard, Robert Armbruster and his counsel proceeded on behalf of Starboard at the hearing on the motion for summary

4

judgment without objection. After the hearing, the trial court rendered a damages judgment against Starboard on July 27, 2016.

On January 13, 2017, after the damages judgment was rendered against Starboard, the bankruptcy court issued a re-instatement order. On December 7, 2018, Plaintiffs sought to enforce personal liability against the Armbrusters. Once Plaintiffs sought to enforce personal liability, Starboard filed the bankruptcy court's reinstatement order with the Secretary of State, on January 17, 2019. After a hearing on February 8, 2019, the trial court found the Armbrusters personally liable for Starboard's debt in connection with the damages judgment.

While the Armbrusters now suggest that the damages judgment is invalid since Starboard was dissolved at the time the judgment was rendered, this issue was not raised with the trial court before proceeding on the motion for summary judgment, or on appeal. The July 27, 2016 damages judgment against Starboard is now a valid final judgment. Since Starboard was dissolved at the time the judgment was issued, the Armbrusters are personally liable pursuant to La. R.S. 12:1335.1, which imposes personal liability, "for any debt or other claims," on the members of an LLC in proportion to their ownership interest once the LLC is dissolved.

In addition, the Armbrusters argue that Starboard was reinstated on January 13, 2017, pursuant to the bankruptcy court's order. They conclude that since Starboard was reinstated before the hearing and judgment on the motion to enforce, they cannot be held personally liable.

Despite argument to the contrary, Starboard was not re-instated until January 17, 2019, when it filed the reinstatement order with the Secretary of State.[6] Nevertheless, regardless of whether Starboard was reinstated in January 2017 or January 2019, our conclusion remains the same, unless reinstatement was retroactive to the date of dissolution.

In this case, there is nothing to suggest Starboard requested retroactive application of the reinstatement order below. Additionally, the bankruptcy court did not order the reinstatement to have retroactive effect. Since the Armbrusters do not argue that reinstatement is retroactive on appeal, the issue is not before this Court.

Nevertheless, the law and jurisprudence signify that reinstatement, under these circumstances, is prospective, only, so as not to shield the members from personal liability. *See* La. R.S. 12:1300 *et seq.*; *In re Reinstatement of S&D Roofing, LLC*, 16-085, pp. 4-5 (La. App. 5 Cir. 9/22/16), 202 So.3d 177, 180-81 (statute permitting reinstatement of an LLC dissolved by affidavit was silent on the matter of retroactivity, suggesting legislature did not intend reinstatement to be given retroactive effect, and public policy did not support retroactive reinstatement, since at time of LLC dissolution, one member was aware that a lawsuit was pending against LLC); *Cf*, *Robertson v. Weinmann*, 00-0799, p. 6 (La. App. 4 Cir. 2/21/01), 782 So.2d 38, 42 (holding that reinstatement of a corporation dissolved by affidavit should not be given retroactive effect unless expressly stated by the legislature).

---

[6] La. R.S. 12:1335.1(B) explicitly requires the Secretary of State to reinstate a limited liability company, which was dissolved pursuant to an affidavit, but only after receiving a court order. The bankruptcy order explicitly directs the Secretary of State to reinstate Starboard pursuant to La. R.S. 12:1335.1(B). It further directs Starboard's counsel to serve the required parties who would not otherwise receive notice. However, Starboard did not file the reinstatement order and obtain reinstatement with the Secretary of State until January 17, 2019.

Given that Starboard was dissolved by affidavit at the time the damages judgment was issued against it and the reinstatement did not have retroactive effect, the Armbrusters are personally liable in proportion to their ownership for the judgment. As such, the trial court correctly found the Armbrusters personally liable for Starboard's damages judgment, pursuant to La. R.S. 12:1335.1(A).

## PROCEDURAL CAPACITY

Next, the Armbrusters argue that the motion to enforce personal liability was procedurally improper. Citing to *S&D Roofing, LLC*, *supra* and *Butcher v. Keith Hebert Carpentry/Vinyl Siding, Inc.*, 06-0672 (La. App. 3 Cir. 12/20/06), 945 So.2d 914, they assert that the petition for damages should have been amended to include them in their personal capacities. However, neither *S&D Roofing* nor *Butcher* makes such a conclusion. Moreover, unlike in *Butcher*,[7] where the petition was amended to include the corporate shareholder individually, the record in this case reflects that the Armbrusters were already named in their personal capacity in the original petition for eviction and damages. Under these circumstances, an amendment was not necessary. Thus, there was no procedural error in proceeding against the Armbrusters in their personal capacity.

## CONCLUSION

Considering the foregoing circumstances, the trial court's judgment enforcing personal liability against the Armbrusters, pursuant to La. R.S. 12:1335.1, was legally and procedurally correct. Accordingly, we affirm.

**AFFIRMED**

---

[7] 06-0672, p. 2, 945 So.2d at 915.

7